HARRIS & PRICE, plaintiffs in error, vs. R. A. YOUNG, defendant in error.

H. & P., merchants, sold goods to R. to the amount of $10 80, and charged the same to R. on their books, and afterwards Y, who was indebted to R., went to H. & P., in company with R., and said, "I am owing R., and if you will charge the amount R. owes you to me, I will pay it if you will wait until Colonel Pride pays off his hands;" to which H. & P. agreed, and thereupon credited R.'s account in full, and released him in the presence of Y., and charged the amount on their books to Y.. Afterwards H. & P. sued Y.. in a Justice's Court on the amount so charged to him, and the defendant plead the Statute of Frauds against their right to recover. The Justice gave judgment in favor of the plaintifff, and the case was brought up to the Superior Court by a writ of *certiorari*, which was sustained by the Court: *Held*, that this was an *original undertaking* on the part of Y. to pay the debt of R. to the plaintiffs, and not a *collateral undertaking* or promise to pay the debt of R., which the statute requires to be in writing, and that the Court below erred in sustaining the *certiorari*, and holding that the defendant was not liable to pay the debt to the plaintiffs, according to the statement of facts contained in the record.

Statute of Frauds.   Before Judge KNIGHT.   Lumpkin Superior Court.   April Adjourned Term, 1869.

Harris & Price sued Young upon an open account for $10 30, before a Justice of the Peace. Young pleaded the general issue, and relied on the Statute of Frauds. The evidence was, that plaintiffs, merchants, sold Daniel Rilly, a freedman, merchandise of said value; they made out the account and handed it to Rilly, he saying that he would get Young to pay it; soon after, Young, having said account in his hand, went with Rilly to the plaintiffs' store, and said, "I am owing Daniel, and if you will charge it to me I will pay you the amount, if you will wait till Col. Pride (for whom Young was working) pays off his hands." To this plaintiffs agreed, credited Rilly's account in full and told Rilly, in presence of Young, that he was released by Young's assuming the demand. They then charged upon their books as follows: "R. A. Young. 1867. Aug. 31. By amount assumed for Daniel Rilly, $10 30." Upon this account suit was brought. The Justice gave a judgment for plaintiffs. Defendant appealed,

the same facts were proved before the jury, and they gave a verdict for plaintiff.

Defendant's counsel sued out a *certiorari* averring that said recovery was illegal, because Young's said agreement was void, because it was not in writing, and the *certiorari* was sustained on that ground, This is assigned as error.

(When this cause was reached in order here, it was put by consent to the heel of its circuit. Before that an order had been made to put a rule against Judge Davis to the heel of that circuit, but it had not been entered upon the *docket*. When the heel of that circuit was reached this case was again called and dismissed for want of prosecution, and after that the rule against Judge Davis was called and argued. Pending that argument plaintiffs' counsel appeared, and at its conclusion moved to reinstate this case. It was allowed because the rule against Judge Davis ought to have been entered on that circuit, and therefore this cause had been dismissed prematurely.)

W. P. PRICE, for plaintiffs in error.

No appearance for defendants.

WARNER, J.

According to the statement of facts contained in the record of this case, the agreement of Young to pay Harris & Price the amount due to them by Rilly, was an *original* undertaking on his part to pay the amount specified, to them, and which was charged to him at his request, on their books, and Rilly was discharged from all liability for the payment thereof. It was not a *collateral* undertaking or promise to pay the debt of Rilly, which the statute requires to be in writing. Young undertook and promised to pay the plaintiffs the amount due them by Rilly, in consideration that they would release Rilly from the payment thereof, which was done, and Young became the *original debtor*, and paymaster to the plaintiffs for the amount of the debt which Rilly owed them. After the transaction was consummated between the parties

as set forth in the record, Rilly did not owe the plaintiffs any debt which Young was *collaterally* bound to pay for him, but Young became an *original debtor* to the plaintiffs for the amount, and as such was bound to pay it: Byrkmyr vs. Darnell Salkeld's Reports, 27; 1 Smith's Leading cases, marginal page, 134, 135. Let the judgment of the Court below, sustaining the *certiorari,* be reversed.