Anderson & Tucker *vs.* Whitehead, Eggleston & Company.

------

| 55 | 277 |
|----|-----|
| 111 | 233 |

| 55 | 277 |
|----|-----|
| 123 | 800 |

ANDERSON & TUCKER, plaintiffs in error, *vs.* WHITEHEAD, EGGLESTON & COMPANY, defendants in error.

Where creditor and debtor, and another person who owes the debtor, agree that the latter person shall be substituted for the debtor and the debtor be released, all in parol, the case is not within the statute of frauds, and the agreement need not be in writing, but the debt is extinguished as to the debtor, and the third person becomes debtor in his place.

Debtor and creditor. Statute of frauds. Before Judge KNIGHT. Cobb Superior Court. March Term, 1875.

Reported in the opinion.

GEORGE N. LESTER, for plaintiffs in error.

W. T. & W. J. WINN, for defendants.

JACKSON, Judge.

This suit is brought by Whitehead, Eggleston & Company, to recover a balance on an account from Anderson & Tucker. The defendants defend by setting up an agreement between plaintiffs and themselves, and Reede & Herndon, whereby it is agreed by the three firms that Reede & Herndon shall pay the debt of defendants to plaintiffs, and plaintiffs shall look to them for payment and release defendants, Reede & Herndon being indebted to defendants as much as the account of plaintiffs against defendants. All parties assent to this arrangement, and a payment is made by Reede & Herndon directly to plaintiffs and accepted and credited on the account; and defendants have failed to collect or press their claim upon Reede & Herndon in consequence of the agreement. On this defense issue is joined and the evidence is conflicting. The agreement is in parol, and the court charged the jury as follows: "It seems to me that the defendants, in order to set up their defense of a release, ought to have something tangible, such as a receipt or some other writing. A release, it seems to me, would not be inferred from the testimony of the defendants in the case." From this charge it appears that the court below thought, and impressed the thought upon the jury, that such an agreement is within the statute of frauds, and should be in writing to operate as a good defense. We do not so hold. If the facts set up by defendants be true, their defense is good though in parol. Such is the common law: Addison on Contracts, 312; 3 Parsons, 23. Such is the principle ruled by this court; 20 *Georgia Reports*, 403 ; 40 *Ibid.*, 65. This agreement was made years ago. Defendants' account against Reede & Herndon seems to be out of date, and Reede & Herndon to be now insolvent; and if the plaintiffs were allowed to repudiate their agreement it would operate as a fraud upon defendants who would lose their debt upon the parties to whom plaintiffs agreed to look for pay-

ment. The naked question is, did or did not the parties make the agreement, and that question alone should have been submitted to the jury, It is due to the court below to state that he says the case was tried so long ago that he does not remember distinctly the charge he gave, and doubts that he gave it as above quoted; but we find it in the same words in the rule *nisi* granted by him in 1870, immediately after the trial, and no point having been made upon its correctness here, we must conclude that he did so charge. We reverse the judgment upon the ground that the charge is erroneous, and grant a new trial.

Judgment reversed.