### EDENFIELD *vs.* CANADY.

1. When one represents that he owes to the debtor of another a debt of equal amount, substitutes himself in place of the debtor by parol agreement with the creditor, fixes a time for payment, and thus induces the creditor to discharge the debtor and trust exclusively to him, his undertaking to pay is not collateral, but original, and performance may be enforced whether he ever in fact owed anything to the debtor in whose stead he agreed to be bound, or not.

2. That, on the part of the two debtors, the motive to the substitution was a gaming contract between themselves, which contract was illegal and void, will not hinder the substitution from being effective by way of estoppel, if the creditor discharged his original debtor, and accepted the substitute without any notice that the transaction involved the execution or settlement of a gaming contract.

3. The only disputed question at the trial being as to notice, and the evidence on that being conflicting, the judgment of the magistrate in favor of the creditor, on the facts set forth in the return to the *certiorari*, should not be disturbed.

Statute of frauds. Contracts. New trial. Before Judge JOHNSON. Emanuel Superior Court. October Adjourned Term, 1877.

Edenfield sold goods to Daniels to the amount of $50.00, and charged them to him on his books. Canady was indebted to Daniels in a like amount. Upon Canady's request, Edenfield gave Daniels credit for $50.00, and charged the same to Canady. This was with the consent of Daniels. The indebtedness of Canady to Daniels was based on a gaming consideration. Whether this fact was known to Edenfield at the time of the change in the debtors, the evidence

was conflicting. Canady having failed to pay, Edenfield brought suit in a justice court. The magistrate entered judgment for the plaintiff. On *certiorari* thereto this judgment was reversed, and plaintiff excepted.

CHARLES B. KELLY, by L. J. GLENN & SON, for plaintiff in error.

No appearance for defendant.

BLECKLEY, Judge.

1. The substitution of debtor for debtor is not infrequent, and there is a place for it in the law. The undertaking in such case is not collateral, but original, and performance may be enforced as between the new parties, no matter what equities between the primary contractors may have existed. See 20 *Ga.*, 403 ; 40 *Ib.*, 65 ; 55 *Ib.*, 277.

2. The motive to the substitution is immaterial. That one set of parties had between them a gaming contract, which was illegal and void, will not hinder the substitution from being effective by way of estoppel, if the legal creditor discharged his own legal debtor, and accepted the substitute without any notice that the transaction involved the execution or settlement of a gaming contract. See 1 Barnwell & Adolph., 142.

3. There was no disputed question at the trial in the justice court, except as to notice, and on that the evidence was conflicting. The magistrate found in favor of the creditor. On the facts set forth in the return to the *certiorari*, the finding should not have been disturbed.

Cited in the argument: 40 *Ga.*, 65 ; Code, §1951.

Judgement reversed.