STEADWELL *et al. vs.* MORRIS.

1. Where a husband is indebted to his wife and settles up a partnership business of his own, selling out to his co-partner, and the co-partner gives his note payable to the wife, and the same is accepted by the wife in extinguishment of the husband's debt, the maker of the note cannot protect himself from liability to the payee by alleging any fraud or mistake in which she did not participate. The transaction is in the nature of the substitution of one debtor for another.
2. It is irregular in the judge in sending out questions to be answered by the verdict of the jury, not to erase his own pencil notes thereon, as those notes might influence the finding.
3. If equity will correct a mistake made in the settlement of the partnership business where one partner buys out his co-partner, giving his notes for the purchase money, the party seeking the correction must move therefor in a reasonable time.

Husband and wife. Partnership. Contracts. Equity. Practice in the Superior Court. Before Judge TOMPKINS. McIntosh Superior Court. October Term, 1877.

Steadwell brought complaint against Morris on two promissory notes aggregating $1,036.00. Mrs. Steadwell sued Morris on three notes of $800.00 each. The cases were

consolidated by consent, and tried together. Defendant pleaded: 1. That the title to the notes sued on by Mrs. Steadwell was not in her, but in her husband. 2. That all the notes were made under a mistake of fact, in this: that he and Steadwell were partners in a saw-mill business; that when they dissolved, he gave the notes in settlement; that he thought at the time that all expenses of running the mill had been included, but this was a mistake; that he also thought that the amount of $5,000.00 which Steadwell had agreed to contribute to the firm business, but had not paid, had been deducted from the amount found to be due him—which was also a mistake. 3. These items were pleaded as set-off.

On the trial, by agreement, the court submitted questions to the jury on which they founded their verdict. The jury found for defendant against Steadwell the sum of $339.60, and generally for the defendant against Mrs. Steadwell. Plaintiffs moved for a new trial on the following, among other grounds:

1. Because the court erred in permitting defendant to testify, over the objection of plaintiffs' counsel, as to matters of set-off, expense, payment, etc., between him and Steadwell, as a defense to the action brought by Mrs. Steadwell, when said defendant had failed, and did fail, to show either by his own oath or any other evidence, that Mrs. Steadwell was not the *bona fide* owner of the three notes sued on by her.

2. Because the court erred in handing to the jury to be carried into the jury room, and which was so carried, the paper containing the questions on which they were to find, when upon said paper were written private memoranda of the court in said case.

3. Because the verdict was contrary to law and evidence. The court overruled the motion, and plaintiffs excepted. For the other facts see the opinion.

R. E. LESTER; H. A. DUNWOODY, for plaintiffs in error,

Steadwell *et al. vs.* Morris.

cited as follows: Pleas bad, 41 *Ga.*, 38; Code, §§3117, 3126; 54 *Ga.*, 329. Mistake of fact, 4 H. & N., 549; 6 Ad. & E., 469; 13 Serg. & R., 304; 20 *Ga.*, 600; Code, §§2636, 3127; 26 *Ga.*, 362. Consideration as to Mrs. Steadwell, Code, §§2787, 2785; 1 Dan. on Neg. Inst., 135–7; 9 Allen, 253, 45; 4 N. H., 497.

P. W. MELDRIM, for defendant, cited, on mistake as affecting Mrs. Steadwell, Code, §§3119, 2743; 40 *Ga.*, 538–41; Bouv. Dic. ("Purchaser.")

JACKSON, Justice.

The two suits by the Steadwells were consolidated, and the jury, under the charge of the court, found for the defendant against Mrs. Steadwell generally, and for the defendant against C. H. Steadwell, a balance due of over three hundred dollars. The Steadwells moved for a new trial, which was denied them, and they bring the case before us to be reviewed by this court.

The motion was made upon many grounds, a few only of these can be considered here, because only a few are verified by the court below.

1. We think that the court erred in ruling as set out in the fourth ground of the motion for a new trial, in allowing the testimony about the mistake in reference to the partnership settlement to be introduced against Mrs. Steadwell.

We see no evidence at all in the record going to show that Mrs. Steadwell was not the *bona fide* owner of these notes. Both her husband and herself swore positively that she was and is such owner, that her husband used her money and gave her the notes in full discharge of the debt he owed her—and had them made payable to her by Morris to extinguish his, her husband's, debt to her—and there is no evidence at all to the contrary. It is true that there is a letter introduced, written by Morris, in which he makes allusion to a call on him by Steadwell, the husband, for

twenty-five hundred dollars, on *amount*, not account, as argued by defendant in error; but that is nothing, and is easily explained by the fact that it was quite natural that the husband should write for his wife's money, and demand it as well as his own from the common debtor. Besides the letter of Steadwell was not introduced by Morris, and exactly what he did write was unknown to the court and jury. Morris owed Steadwell over $1,000.00, and Mrs. Steadwell $2,400.00, besides interest, and he wrote Steadwell that he had received his letter asking for $2,500.00 on amount, but that he could do nothing until a certain suit by Tinker was terminated.

The three notes for $2,400.00 in all, were made payable to Mrs. Steadwell by Morris, and when he did so he agreed to pay her, and she agreed to relinquish her debt on her husband. So that for these notes so given to her and made payable to her, she gave a full consideration, and it does not matter how or from whom the consideration moved. Code, §2747. So too, Mrs. Steadwell would be injured if this promise to her by Morris were repudiated now by him, and it is a valid consideration if she would be so injured. Code, §2740.

Here, then, are three promises to her by Morris to pay her $800.00 at one, two and three years, the only defense to which sought to be set up by the plea against *her* is not that *she* made any mistake, or was concerned in any that was made, but that in taking the account of the value of a partnership between himself and another he made a mistake. To authorize a court of equity to interfere in a case like this, there must be mutuality in the mistake, both parties must be involved in it. How was this woman involved in this mistake? Wherein is she at fault at all? Code, §3124.

If her husband honestly owed her this money she stands as firmly in court as a stranger, and if Morris had made these notes payable to a stranger to Steadwell, who would say that he could set up this defense?

. It really would seem to be the case of the substitution of one debtor for another. Morris was substituted for her husband, and the fact that he executed the notes payable to Mrs: Steadwell, and that she took them with his name thereto, and the promise made directly to her, and expressed plainly in the notes payable to her and to nobody else, not even to bearer or order, ought, it would seem, to have put him on his guard, and to have induced him to inquire of Steadwell the reason why he wished this done. Steadwell testifies that he told him of his indebtedness to his wife as the reason; Morris denies this, but the very fact that he was required or requested to make the notes payable to the wife was enough to put him upon inquiry. At all events, if her testimony and her husband's be true, and it is uncontradicted, the husband owed her and substituted Morris for himself; she took the substitute, and Morris authorized her to do it by making the notes payable to her; and if Morris did not know about her husband's debt to her, his conduct led her into the extinguishment of another debt and the release of another debtor, and her equity is superior to his. See 55 *Ga.*, 277; 20 *Ga.*, 403; 40 *Ga.*, 65; 60 *Ga.*, 456.

2. But for the fact that consent was had to the trial by special questions and answers thereto by the jury, it would have been error to have tried the case in that way, as it is a case at law; but perhaps consent legalizes it. Besides, the defense partook of the nature of equity in correcting a mistake, and, therefore, if the pleadings had been full, as in equity, the mode of trial may be in accordance with law. But certainly the party should not consent and then except. It was certainly irregular, however, for the judge to send out the questions with his marginal notes thereon in pencil. They may have induced the finding, or turned the scale in the mind of some juror.

3. On the main question between Steadwell and Morris, upon which the jury rendered a verdict of some three or four hundred dollars for the latter, it seems to us that upon

the facts disclosed in this record, the verdict cannot be sustained upon equitable principles.   Where both parties have equal facilities to investigate the partnership business, where the entire subject matter is open to each, and if there be mistake, it arose out of the negligence of the party seeking to correct it, certainly equity would not interfere in his behalf.   Surely the verdict against Steadwell is more than covered by the price or purchase money of the mill, yet Morris knew all about that at the time of the trade, or ought to have known it, for he bought the mill; and it is very doubtful if Steadwell ever had any part or lot in it.   Such a mistake as leaving out an item so plain as this and so well known to Morris, equity will not relieve against.

Again, equity would demand that Steadwell, unless guilty of fraud, should be put back where he was; but there is in this case no offer on the part of Morris to rescind the contract or to put him back.   He bought out Steadwell's business for a sum of money which he says was too large; yet he does not offer to put him back in it, or pay anything for his damage in consequence of quitting the business.   The effect of the verdict is, that Morris got the mill and the business of the partnership, and keeps them and pays nothing therefor.   Steadwell's offer was to give or take; to buy or sell.   Morris preferred to buy, and bought at a certain price.   If there was a mistake about the price, and it had been less, perhaps Steadwell would not have sold.

Even, however, if equity would grant relief and correct the mistake, if any was made, the party seeking the correction must move in a reasonable time.   This transaction occured in 1873; and not until 1877 or perhaps 1878, was this plea filed.   Steadwell swears that he had no intimation of any mistake until it was filed.   Morris' letter to him made some objection to the payment of the notes until a certain case was decided; but intimated no objection to the amount of the notes or mistake in the consideration.

Besides the verdict was founded, it seems, upon a calculation sent out by the judge by the consent of parties, and in

that calculation the price of the mill is charged twice against Steadwell. The verdict and judgment in every view we are able to take of the case from the record before us, seem wrong and inequitable both against Mrs. Steadwell and her husband; therefore we reverse the judgment overruling the motion for a new trial. See *Dortic. vs. Dugas,* 55 *Ga.,* 484.

Judgment reversed.