## SAPP *vs.* FAIRCLOTH.

1. Where a creditor, his debtor and a third person who owes the debtor agree in parol that such third person shall be substituted for the debtor and that the latter shall be released, the case is not within the statute of frauds, so as to require the agreement to be in writing, but the debt is extinguished as to the debtor, and the third person becomes, by substitution, the debtor in his place.

2. A purchaser of land gave his note in part payment therefor; the note was negotiated before due; the title proved not to be perfect; it was agreed that the vendor should pay two-thirds of the note

and the vendee one-third. It was subsequently agreed by the vendor, the vendee and a third party who owed the vendor, that the latter should pay the two-thirds of the vendee's debt, instead of the vendor, who was thereupon released; the person thus assuming to pay failed to do so, and suit was brought by the vendee:

*Held,* that if the debt of the third party to the vendor was due, and the debt which the vendor had agreed to pay was also due, the vendee could recover; and he would not be compelled to pay the note before bringing suit.

3. The charge of the court was not objectionable on the ground that it failed to cover the issues in the case. If more specific instructions on any branch of the case were desired, a request therefor should have been made. Concise and pertinent charges are to be commended.

March 20, 1883.

Debtor and Creditor. Substitution. Statute of Frauds. Charge of Court. Before Judge BOWER. Mitchell Superior Court. November Term, 1882.

Reported in the decision.

I. A. BUSH; JACKSON & KING, for plaintiff in error.

D. H. POPE; W. N. SPENCE; HARRISON & PEEPLES, for defendant.

CRAWFORD, Justice.

The facts material to an understanding of this case are, that Jos. H. Spence sold to Faircloth, the defendant in error, certain lands for $500, and in part payment thereof Faircloth gave him his note for $300, which Spence indorsed and transferred before due to Welch & Bacon. Spence's title to the land sold not being perfect, and Faircloth's note having been traded and sued, Spence agreed with Faircloth to pay two-thirds of the principal and interest on the debt, and leave him to pay only one-third thereof.

Spence also sold certain other lands to John G. Sapp, the plaintiff in error, for which Sapp was to pay him $1,700. About the time of this trade, a contract was made

between Spence, Sapp and Faircloth, that Sapp should pay the two-thirds of the Welch & Bacon debt, upon which Faircloth and Spence were then sued, and that, in consideration of this payment so to be made, Faircloth released Spence from his obligation to pay it. Sapp failed to comply with his part of the contract thus made, and Faircloth had to pay it all; he therefore brought this suit to recover the amount so paid. Sapp resisted the payment and relied upon the statute of frauds for his defence. The jury, under the evidence and charge of the court, found in favor of the plaintiff for the amount claimed. The defendant moved for a new trial, which the judge refused, and he assigns error thereon.

The main grounds relied upon for a new trial are, that the judge erred in charging the jury that the contract as set forth is not such a contract as comes within the statute of frauds; and that, if they believed from the evidence that the amount which Sapp owed Spence was due before this suit was brought, and that the payment of Sapp on the Welch & Bacon debt was due under the contract, and that he had assumed to pay it under such a contract as was set out in the declaration, and on being requested so to do, had refused, before this suit was brought, to pay it, then he would be liable to Faircloth; and it would not be necessary for Faircloth to be compelled first to pay it, before he brought suit against him. And because the court failed to charge on all the issues made in said case.

1. The liability of the plaintiff in error, under the facts disclosed by the record, is settled by the ruling in the case of *Anderson & Tucker vs. Whitehead, Eggleston & Co.*, 55 *Ga.*, 277. It was there held that " Where creditor and debtor, and another person who owes the debtor, agree that the latter person shall be substituted for the debtor, and the debtor be released, all in parol, the case is not within the statute of frauds, and the agreement need not be in writing, but the debt is extinguished as to the debtor,

and the third person becomes the debtor in his place."
See also, 60 *Ga.*, 456. The testimony shows that Spence,
being the debtor of Faircloth, agreed to pay two-thirds of
a note of his which he, Spence, had traded and indorsed to
Welch & Bacon ; and that Sapp, being the debtor of Spence,
it was agreed between the three that Sapp should be sub-
stituted for Spence, and he to be released by Faircloth from
his obligation to pay the amount as agreed between them.
We think, therefore, that the judge laid down the law cor-
rectly in his charge to the jury on that point.

2. Upon the next ground there can be no question of
its correctness, if the amount owed Spence by Sapp was
due, and the amount on the Welch & Bacon debt was also
due, and Sapp had agreed to pay it under the contract as
set out and sworn to by the plaintiff below, and this
whether Faircloth had paid it or not, as the defendant had
agreed to pay it at a particular time, which time had passed
before the suit began.

3. That the judge failed to charge on all the issues made
in the case, and failed to charge as to any of the defences
set up by the defendant, is not sustained by the record.
Where the judge charges the law applicable to the facts
of a case as shown by the proofs, and then instructs the
jury that if, under the testimony and rules of law which he
has so given them in charge, they believe that the plain-
tiff has made out his case in all its essential requisites,
then it would be their duty to find in his favor; but if, on
the other hand, they do not believe that the plaintiff has
made out his case by satisfactory testimony, under the rules
of law laid down, then it would be their duty to find for the
defendant, this is sufficient to cover both sides of the case.
And if counsel on either side should desire more specific
charges on any particular branch of the case, they should,
by request in writing, ask him to do so. Our experience
on the circuit bench and observation upon this is, that
there are more errors committed by attempting to charge

too much than too little; a short, concise charge never confuses a jury, whilst a long and diffuse one is almost sure to have that effect.

Judgment affirmed.