## SMITH. administrator, *vs.* HEAD.

1. Where counsel agreed to try a case before the presiding judge, "who may direct the jury what verdict to find as between complainant and defendant, all questions being left to his decision upon the following agreed statement of facts," and no right of exception was reserved, was not this a submission of the case to the arbitration of the judge, and could exception be taken to his decision? *Quere?*
2. Where a husband made a policy of life insurance payable to his wife at his death, it became her property, and if she transferred it to a creditor of her husband to secure his debt, such transfer was void; and if, after his death, without any other consideration, she ratified such transfer, it would still be void, and the ratification would not render it valid.
3. Section 2820 of the Code, which enacts that "the assured may direct the money to be paid to his personal representatives, or to his widow, or to his children, or to his assignee; and upon such direction, given and assented to by the insurer, no other person can defeat the same; but the assignment is good without such assent," controls this case. The assured directed the money paid to his wife; he made no change, and no other person can do so.
(*a.*) This principle is codified from 13 *Ga.*, 355, and the *obiter dicta* in that decision do not modify it.

December 22, 1885.

Arbitration. Practice in Supreme Court. Insurance. Husband and Wife. Before Judge SIMMONS. Bartow Superior Court. January Term, 1885.

Reported in the decision.

JOHN W. AKIN, for plaintiff in error.

J. A. BAKER, for defendant.

JACKSON, Chief Justice.

This is a contest between Mrs. Head and Smith, administrator of Gregg, over the money arising from a life policy of the husband of Mrs. Head on his death. The case was tried on the following agreement of facts:

"We hereby agree to try the above stated case before the Hon. J. C. Fain, judge of Bartow superior court, or T. J. Simmons, judge presiding, who may direct the jury what verdict to find as between complainant and defendant, Smith, administrator, all questions being left to his decision, upon the following agreed statement of facts:

The transfer upon and of the policy of insurance in question, to-wit, policy No. 20,546, issued by Ætna Life Insurance Company, of Hartford, Connecticut, upon the life of John D. Head, payable to his wife, Lucy E. Head, was made by said Lucy E. Head to said Theodore E. Smith, as administrator, etc., without any consideration passing to her from the said Smith, administrator, or his intestate, or any one for him. It, the said transfer, was made to secure a debt due by John D. Head, the insured, to said Smith, as said administrator, etc. And at the time said policy was issued, said John D. Head was insolvent, and he paid the premiums thereon with his money. Said John D. Head was, when said policy was issued, and ever since then till his death, the husband of said Lucy E. Head. Said policy to be in evidence also."

1. There is no reservation of the right to except to the direction given by Judge Simmons to the jury, but the agreement is that he "may direct the jury what verdict to find as between complainant and defendant, Smith, administrator, all questions being left to his decision upon the following agreed statement of facts," etc. The agreement is an absolute submission of the whole matter to him

or Judge Fain for arbitration between the parties—the jury being a mere machine—a ministerial body to make a verdict just as the arbitrator determines. Can such an arbitration be brought here? It is doubtful, to say the least; but as we reach the same conclusion on the merits, we consider the case.

2. A married woman's property cannot be assigned by her or conveyed by her in any form to pay her husband's debts. This policy, payable at her husband's death, is her property. The policy is payable to her then. It is as much hers as any other property can be, as any note payable in the future, or any fee in remainder, or any other property not to be used by her till a certain event transpires. Therefore, when, in 1876, she made this transfer, attested by her husband as a witness, it was absolutely void, under the words of our statute. Code, §1783. That section declares that " any sale of her separate estate made to a creditor of her husband in extinguishment of his debts shall be absolutely void," and that "she cannot bind her separate estate . . . by any assumption of the debts of her husband." This is a sale of her property to pay his debt to Smith, administrator of Gregg. It is absolutely void. The record does not show plainly that her husband was dead when she ratified this transfer, made in 1876, by another in 1879; but from the context in the pleadings, we suppose he was. It is immaterial. The last ratification or transfer was *nudum pactum.* It is agreed that no consideration of value passed to her, but it was to pay his debts. Therefore, it, the second one, being without any binding consideration—the ratification of a void thing or its renewal being void because the consideration was void, and no other valid consideration, it being agreed, being given for the transfer of 1879, it is as void as that in the life-time of the husband to pay his debts.

3. But another statute controls the case. Section 2820 enacts that " the assured may direct the money to be paid to his personal representatives, or to his widow, or to his

Smith, administrator, *vs.* Head.

children, or to his assignee; and upon such direction given and assented to by the insurer, no other person can defeat the same. But the assignment is good without such assent." This is too plain for argument. The assured directed the money paid to his wife. He made no change. No other person can.

That the section is codified from 13 *Ga.*, 355, we have no doubt; but the deduction drawn from that fact by the very able and diligent counsel for plaintiff in error, that an expression of Chief Justice Lumpkin, intimating that creditors might still interpose to defeat the wife's right, should be considered as part of the section or as modifying it in favor of creditors, so far from being legitimately drawn from its omission, strengthens the force of the statute as it stands and as it must mean from plain words. Judge Lumpkin's remark was *obiter*, and the fact that the cream of the decision and opinion is embodied in the Code, and this remark left out, shows that the opinion of the court was codified, and the *obiter* was not, because the general assembly, and afterwards the constitution enacted the opinion on the points in issue as law, but passed by the *obiter* as not law. Nor could the codifers well incorporate in the Code any remark, outside of the points in the case, as law, under their commission; the opinion on the facts and issues made, they could and did; and what they did, the legislature and convention made law, as laid down in section 2820 of the Code.

We conclude that in any view of the case, under our own law, the money is Mrs. Head's; and we deem it unnecessary to follow counsel into the learning and elaboration of other points made upon text-books and adjudications under other laws and by other courts. Nor is it necessary to go into the means the assured used to pay the premiums, or his solvency or insolvency, as affecting creditor's rights, because our statute, Code, §2820, allows no person to defeat the direction the assured gave to the payment, that is, to whom it should be made, at his death.

Judgment affirmed.