## PALMETTO MFG. CO. *v.* PARKER & ANDERSON.

1. " Where a creditor, his debtor, and a third person who owes the debtor agree in parol that such third person shall be substituted for the debtor and that the latter shall be released, the case is not within the statute of frauds, but the debt is extinguished as to the debtor, and the third person becomes, by substitution, the debtor in his place."

2. While the petition alleged an agreement between the debtor and defendants, who owed him, to pay the former's debt to the plaintiff, the averments were not sufficient to show that the plaintiff was a party to the agreement, or that the defendants made to it any promise to pay the debt.

3. The demurrer was properly sustained.

Submitted June 21, — Decided August 4, 1905.

Complaint. Before Judge O'Steen. City court of Douglas. September 27, 1904.

The Palmetto Manufacturing Company sued Parker & Anderson, a mercantile copartnership, alleging in its petition as follows: The defendant firm is indebted to plaintiff in the sum of $202.63. On February 16, 1903, and March 13, 1903, plaintiff sold two bills of merchandise to J. M. Parker, aggregating $202.63. Thereafter J. M. Parker sold his entire mercantile business to Parker & Anderson, at which time it was agreed between Parker and Parker & Anderson that the defendants were to assume and pay all indebtedness that might exist against J. M. Parker for the purchase-price of goods which had been previously bought by him. By reason of this agreement, Parker & Anderson agreed with J. M. Parker to pay the plaintiff the amount sued for, and J. M. Parker agreed for them to retain out of the purchase-money due him the sum of $202.63, which amount they retained for the express purpose of paying the indebtedness due by Parker to the plaintiff. The 6th paragraph of the petition was as follows: "That the Palmetto Manufacturing Co. was informed of the agreement between said J. M. Parker and the firm of Parker and Anderson; that the said Palmetto Manufacturing Co. agreed and consented for this defendant to be substituted for J. M. Parker and become their debtor in the place and stead of J. M. Parker, and that J. M. Parker be relieved and released from any indebtedness to them; that said defendant was notified by this petitioner of petitioner's consent to the change above set out and described." The petition alleges a demand upon the defendants and a refusal to pay. The defendants demurred to the petition, upon the grounds, that no cause of action is set out; that no privity of contract is shown between the defendants and the plaintiff and J. M. Parker; and because no written contract is shown whereby the defendants agreed to pay the debt of J. M. Parker to the plaintiff. The demurrer was sustained, and the plaintiff excepted.

*Lankford & Dickerson,* for plaintiff.
*Quincey & McDonald,* for defendants.

COBB, J.   " Where a creditor, his debtor, and a third person who owes the debtor agree in parol that such third person shall be substituted for the debtor and that the latter shall be released, the case is not within the statute of frauds, so as to require the agreement to be in writing, but the debt is extinguished as to the debtor, and the third person becomes, by substitution, the debtor in his place." *Sapp* v. *Faircloth,* 70 *Ga.* 690.   See also, to the same effect, *Brown* v. *Harris,* 20 *Ga.* 403 ; *Harris* v. *Young,* 40 *Ga.* 65 ; *Anderson* v. *Whitehead,* 55 *Ga.* 277 ; *Steadwell* v. *Morris,* 61 *Ga.* 101 ; *Ferst* v. *Bank of Waycross,* 111 *Ga.* 229.   In order, therefore, to take such a transaction without the operation of the statute of frauds, it must appear that the person substituted for the debtor was, by agreement between the creditor, the debtor, and himself, substituted for the original debtor, who was released from the promise.   In other words, it must be shown that the person substituted as the debtor in the place of the person released, became such as the result of an agreement in which all three concurred.   In every case, either there must be an express promise to pay the creditor by the person assuming the debt, or the conduct of such person must be such as that a promise to pay the debt can be implied.   Of the latter character was the case of *Davis* v. *Tift,* 70 *Ga.* 52.

In the light of these principles, what is the legal effect of the petition in the present case?   It is clear from the allegations that Parker, the original debtor, and the defendants entered into an agreement by which they were to pay Parker's debt to the plaintiff.   In furtherance of this agreement they retained from money due by them to Parker the amount of such debt.   It is obvious, therefore, that, as between Parker and the defendants, they were under a legal duty to apply the amount retained to the debt due the plaintiff.   If Parker has not been released from the debt to plaintiff, and he is compelled to pay to the plaintiff, he would have his action against the defendants for a breach of their undertaking with him.   The sixth paragraph of the petition alleges that the plaintiff was informed of the agreement between Parker and the defendants, and " agreed and consented " for the defend-

ants to be substituted for Parker. Clearly this was not intended to amount to an averment that the defendants made any promise to the plaintiff to pay to it the amount of Parker's debt. Properly construed, the allegations are simply that the plaintiff heard of the agreement between Parker and the defendants, and interposed no objection, but approved such an arrangement and was willing to abide by it. The allegation that the defendants were notified by the plaintiff that it consented to the agreement, in the absence of an allegation that the defendants and Parker then concurred in the substitution, would not prevent the case from being obnoxious to the statute of frauds. There was no error in sustaining the demurrer.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*