## OLIVER *et al.* v. HOUSE.

1. As the petition set forth no cause of action against one of the defendants below, his demurrer thereto should have been sustained.
2. Where one of the parties to an agreement of dissolution of a partnership discovers, within a few weeks after the settlement is effected, that he has been defrauded by the other, and immediately calls upon such other partner to rectify the wrong he has perpetrated, which the latter declines to do, the former is not guilty of such laches as will preclude a recovery, by waiting seven months before filing his petition for further accounting.
3. A rescission of such a contract of dissolution, and the return of the property received thereunder, is not a condition precedent to an action for further accounting, brought by the injured party. Nor will the retention of the assets turned over to such injured party and the applica-

tion of them by him to the indebtedness of the firm, which he assumed under the agreement of dissolution, be treated as a ratification by him of the terms of dissolution, when the other partner has been in no way injured thereby.

4. An allegation in a petition to the effect that an item in a statement of a firm's indebtedness, which the partner who had charge of the firm's books (and who drew the statement to be used as a basis of a settlement of dissolution) represented to be the amount due by the firm in addition to the liabilities more specifically set forth therein, will, as against a demurrer, be treated, not as a mere expression of opinion by such partner, but as a statement of fact.

5. The petition set forth a cause of action against one of the defendants below, and his demurrer was properly overruled.

Argued December 6, 1905.—Decided May 24, 1906.

Equitable petition. Before Judge Kimsey. Hall superior court. April 12, 1905.

*H. H. Perry, F. M. Johnson,* and *Parks & Gaillard,* for plaintiffs in error. *Dean & Hobbs,* contra.

BECK, J. This case is now before us upon the complaint of defendants below to the overruling of their general demurrers. The substance of the petition to which they demurred, with the exception of the amendment thereto, was substantially stated when the case was here before (*House v. Oliver,* 123 *Ga.* 784), and consequently will not be set forth now. The amendment, however, was allowed after the case was originally brought here, and it alleges, in substance, the following facts: That Oliver kept the books of the firm and was familiar with them, while plaintiff was neither familiar with the books nor the amount of the firm's indebtedness, and could not have discovered, from an examination of the books, the difference between the true indebtedness of the partnership and the amount represented by Oliver to be due, for the reason that the books did not show the correct amount of the assets and liabilities of the firm, but tallied with the representations of Oliver in reference thereto. The amendment further showed that the plaintiff had collected all available assets and applied them to the payment of the firm's debts, but they were not sufficient to cover the whole indebtedness, and, in order to discharge the same, "petitioner was compelled to pay more than a thousand dollars out of his individual funds." It also appears that plaintiff "can not defend against said notes, in his opinion, until the contract of dissolution be declared null and void, and duly set aside, by a court of equity,

nor until an acounting be had in a court of equity to show just what the true status of said partnership was át the time of the making of said notes;" and that even if the city court could grant any relief at all, it could not grant full and equitable relief in the cases sought to be enjoined, "and furthermore would involve plaintiff in a multiplicity of suits and long and tedious litigation, when in this proceeding all the issues between all the parties can be fully and completely settled and ended." Martin and Oliver each filed a general demurrer to the petition as amended, and both demurrers were overruled by the court, to which ruling, as said above, they now except.

1. As the only relief sought against Martin is that he be enjoined from proceeding with his suit upon the note transferred to him by Oliver, and that the note be cancelled; and as it was decided when the case was here before that such an action for injunction and cancellation would not lie, the court below manifestly erred in not sustaining his demurrer.

2, 3. This leaves, as the only question to be determined, whether or not House is entitled to equitable relief against Oliver, under the allegations of the petition. We think he is. Where a settlement has been effected by the false representations of one partner to another, equity will grant the latter relief, especially where the perpetrator of the fraud has charge of the books of the firm, and by reason of his position has more intimate knowledge of the partnership affairs. Bates on Partnership, § 961; 2 Lindley on Partnership, 486, 513; Parsons on Partnership, 410. It appears from the allegations of the petition (which, of course, are to be taken as true against the demurrer) that Oliver, by reason of his having charge of the partnership's books, had full knowledge of the financial condition of the firm, while House was familiar with its affairs in only a general way, and that he relied upon the false representations of Oliver in reference to the assets and debts of the firm at the time the settlement was made. This is a clear averment of fraud, and is sufficient to authorize a new accounting. But the plaintiff in error, Oliver, contends that House has acquiesced in the settlement and ratified the same by collecting the assets turned over to him in pursuance thereof; that in order to have the settlement reopened he should have offered promptly to restore the status quo, and turned all assets back into the firm in order that Oliver

might have had a share in collecting the assets and applying them to the payment of the debts. We can not agree with Oliver in this contention. There has been no laches. It can not be said that House has slept his rights away, or that he acquiesced in the settlement, when he called upon Oliver to "rectify the same," as soon as he discovered that a fraud had been perpetrated upon him, which was a few weeks after the settlement had been made, and, upon Oliver's refusal to do so, instituted, within a few months thereafter, his petition for relief. It is true that this original petition was dismissed by the plaintiff; but it was dismissed without prejudice and the present action immediately instituted in its stead. Nor was it necessary for House to have offered to rescind in order to entitle him to new accounting. We are well aware of the general rule that where a party has been induced to enter into a contract by fraud, he may either affirm or rescind it, and that in case he desires a rescission, he must offer to return everything he has received under it. But this rule is not applicable to all contracts. "The rescission of a partnership settlement effected through fraud, and return of property received thereunder by the estate of a deceased partner, is not necessary to the maintenance of a suit for further accounting by the representatives of deceased." Wallace *v.* Sisson (Cal.), 33 Pac. 496. There is nothing in the petition to indicate that Oliver has been hurt by the failure of the plaintiff to request a rescission and tender the assets back into the partnership. On the contrary, it is distinctly alleged in the amendment that the petitioner has carefully collected all the assets and applied them to the payment of the debts of the firm, but that they have been inadequate to extinguish the indebtedness. According to the petition, there is no dispute as to the correctness of the value of the assets, but it was a concealment of the true indebtedness of the firm that constituted the fraud. Why should the plaintiff have offered to rescind before bringing this petition? As was well said in the case last cited, "the law does not require idle or unnecessary acts to be done," and it certainly would be productive of no good, and unsupported by good conscience or reason, to hold that the plaintiff in the case at bar, since he has not offered to bring Oliver back into the partnership with him, and placed all the assets again into the keeping of the firm, can not recover the amount rightfully due him in addition to the assets he already

holds. "It is not always necessary for the injured party, even where fraud taints a contract, to rescind in order to resist its full operation. He may permit the contract to be amended so as to conform to fair dealing; and if, under the pleadings and the relief prayed, a court of chancery can enter a decree which would be just and fair, and in accordance with equity, it will do so." Elfelt v. Hart, 1 Fed. 264. Nor is the principle that a rescission is not an absolute necessity, as a condition precedent to an action for relief against a dissolution induced by fraud, in conflict with the case of Steadwell v. Morris, 61 Ga. 97, cited by counsel for Oliver, where it was held that in order for equity to grant relief to a party to a contract based upon a mistake, movant must first restore the status quo; but, on the contrary, the rule now adhered to seems to have been there distinctly recognized in the following language of the court which we now italicize: "Again, equity would demand that Steadwell, unless guilty of fraud, should be put back where he was," etc.

4. Oliver further contends that the allegation in the petition that "the one thousand dollars put down at the bottom of said list represented, according to the statement of said Oliver, all the amounts due by the firm not specifically set forth in the items above" is an admission that it was a "lumping trade," and that it was accepted by the plaintiff below as Oliver's estimate of the remaining indebtedness. In support of this position he relies upon the case of Dortic v. Dugas, 55 Ga. 484, where it was held: "Declarations as to the value of a partner's interest in the partnership enterprise, not connected with any specific statement touching the property, liabilities, credit, income or resources of the firm, are not representations of a fact, but expressions of opinion only." It will be seen at a glance that there is great dissimilarity between that case and this. Here Oliver, according to the petition, gave to House a list of the firm's liabilities, and at the end of the list he put down an amount which, he represented, covered "all the amounts due by the firm, not specifically set forth in the items above." There was no expression of opinion. Oliver kept the books; the mere fact of his drawing a list argues that it was taken from the books; and this amount, according to the petition, represented the total indebtedness not specifically listed. Moreover how can it be contended by Oliver that it was put down to represent merely his

opinion of the balance due by the firm, in the face of the allegation that he directly deceived the plaintiff when asked. if the firm was overdrawn at a certain banking house, by answering in the negative, when in fact he well knew that the firm was overdrawn there in the sum of eight hundred dollars? But, according to the petition, this amount was a representation of fact, and not of opinion; and hence the contention of Oliver in this regard can not be seriously entertained.

5. We agree with the contention of counsel for Oliver that House has no cause of action against him to recover the amount he (House) may have to pay Martin upon the.suit on the note in the city court. When the case was here before, it was decided that if House has any defense against that suit, he can urge it in the city court. If he secures a verdict there in his favor the matter will be ended. If not, he may then have a ground of complaint against Oliver in reference thereto. But however that may be, he alleges that, in addition to the amount of the note, Oliver is still his debtor; and whether he will be able to establish these facts or not, the petition sets forth a cause of action against Oliver, and his demurrer was properly overruled.

*Judgment reversed as to Martin, and affirmed as to Oliver. All the Justices concur, except Fish, C. J., absent, and Atkinson, J., not presiding.*