## McCORD v. THOMPSON.

1. The amendment to the plaintiff's petition, which was disallowed by the court, and which alleged that the note and mortgage sought to be cancelled were given in full payment of her husband's debts, was not open to attack by demurrer upon the ground that it was confused and wanting in clearness and distinctness; nor was it demurrable on the ground that it set forth no sufficient cause of action, when it is considered in connection with the other allegations in the petition.
2. The court did not err in refusing to allow the amendment alleging that "the transfer of her estate was without the approval of the ordinary and void," as the allegations of the amendment were immaterial.
3. There being some evidence from which the jury would have been authorized to find for the plaintiff, the court erred in granting a nonsuit.
4. A promissory note in the usual form, and a mortgage upon realty containing a power of sale given to secure the payment of the note, can not be construed to be an instrument testamentary in character, although it is stipulated in the note that "this note becomes due at my [the maker's] death."

Submitted February 12,—Decided July 22, 1908.

Equitable petition. Before Judge Worrill. Clay superior court. March 18, 1907.

The petitioner alleged, in substance: Her husband had died, and all his property had been set apart regularly by the ordinary to her as a year's support. About two years after her husband's death, the defendant, who was the physician attending in his last illness, induced her to sign a certain note in his favor, representing the value of his medical services to her husband. At the time of signing this note she was incapacitated to contract, on account of excessive and continued use of morphine, which fact must have been known to the defendant. Several years later the defendant, with the aid of his attorney, likewise induced her to execute to him a so-called mortgage to the whole of her estate, fraudulently and falsely representing to her that unless she did so she would be evicted. The note, which was attached to the petition, was payable

at her death, and the mortgage was to secure the payment of the note. In addition to charging that the note and mortgage were void on account of fraud, the petitioner also averred that the instruments were testamentary in character and void as a will, because not properly executed. The prayer was to cancel the note and mortgage as clouds upon her title. The defendant filed an answer which amounted to a general denial. An amendment to the petition was then offered by the plaintiff, to the effect that the "purported note and mortgage was given for the payment of the debt of her husband," and that "the transfer of her estate was without the approval of the ordinary, and so void." These amendments were demurred to specially by the defendant, on the grounds that the same were not clear and distinct, but confused, and that they "set out no sufficient cause of action." The demurrers were sustained; to which ruling the plaintiff excepted. Exception was also taken by the plaintiff to the refusal of the court, upon motion, to construe the so-called note and mortgage as "testamentary in character, and therefore void as a note and mortgage." On the trial the plaintiff testified that she executed the notes in payment of a debt of her husband and at the instance of the defendant; that at the time she executed the first note she "was in no condition to attend to any business whatever," her "health being wrecked from excessive use of morphine;" and that she executed the second note and the mortgage under the fear of losing her property, caused by the threats and fraudulent representations of the defendant and his counsel, who were present at the time of the execution of the instruments. Upon this evidence, the court, on motion of the defendant, granted a nonsuit; and the plaintiff excepted.

*Park & Collins* and *Ben. M. Turnipseed,* for plaintiff.

*Rambo & Rambo,* for defendant.

BECK, J. (After stating the facts.)

1. To the petition as originally filed the plaintiff offered an amendment alleging that the note and mortgage referred to in the petition were given for the payment of the debt of her husband; and another amendment alleging that "the transfer of her estate was without the approval of the ordinary, and so void." To each amendment the defendant demurred specially, on the ground that the same was "not clear and distinct but confused," and on the

further ground, "that said parts set out no sufficient cause of action." The court below sustained the demurrer, and to this ruling the plaintiff in error excepted. We think the court should have allowed the amendment first referred to, and erred in sustaining the demurrer thereto. The allegations of the amendment, taken in connection with those of the petition, show with sufficient clearness and distinctness that the petitioner was insisting that the mortgage, which she sought to have cancelled, was given to secure the payment of a note which had itself been given for the debt of her husband, and that the mortgage created by its terms a lien upon property that had been set apart to her as a year's support from the estate of her deceased husband. The year's support, so set apart, embraced all of the estate of the decedent. The note, having been given for the debt of her husband, and upon no other consideration, was without consideration and not binding upon the maker; and the amendment, which had for its purpose the distinct statement of the fact that the note and mortgage in question had been given in payment of the husband's debts, in a case where the note and mortgage are attacked on that ground, was material and germane and should have been allowed.

But the allegation that the incumbrance on her property (and clearly that was what the pleader meant when he used the expression, "the transfer of her estate") was without the approval of the ordinary was properly disallowed. Such an allegation was totally immaterial. We presume that, in offering the amendment last referred to, counsel for petitioner had in view the provision of the Civil Code, §3473, which provides, that, "When the whole of an estate is set apart as provided in section 3465, the widow may pay so much and such parts of the debts of her deceased husband as she may think proper, consistently with her means, with the advice and consent of the ordinary." But the section just quoted does not contemplate a creation by the widow of such an incumbrance upon the estate set apart to her as a year's support as the one which is attacked by the petition in this case. For the widow to make a payment of such parts of her deceased husband's debts "as she may think proper" is one thing, and to create an incumbrance like the one in question here, covering her entire property and payable in the future, is another and quite different thing. And it was not necessary, in order for her to have the note and mort-

gage in question declared void as being without consideration, having been given for the debts of her deceased husband, for her to allege that such note and mortgage were executed without "the advice and consent of the ordinary;" for, if they had been executed with the ordinary's advice and consent, they would still have been unenforceable as against her, not being based upon any valid consideration. *Smith* v. *Head, 75 Ga. 755.*

2. There was evidence in the case from which the jury would have been authorized to find that the note and mortgage were given by the wife in payment of the debt of her husband, and were, therefore, without consideration. And as such a finding would have entitled the petitioner to at least a part of the equitable relief sought, the court erred in granting a nonsuit.

3. The court below construed the note and mortgage in question in accordance with the ruling in the third headnote. In addition to the demurrer and the question raised thereby, which we have already disposed of, there appears in the record a demurrer containing many grounds; but no ruling of the court below in reference thereto is complained of, and so far as this record discloses, it was neither considered nor passed upon, and therefore, while it appears in this record, no question in regard to it is raised for decision here.   *Judgment reversed.  All the Justices concur.*