### 2306.  McMichael *v.* Mackey.

Powell, J.  1. While the affidavit which the defendant is allowed to, file in a mortgage foreclosure for the purpose of making his defense is spoken of as an affidavit of illegality, it is not governed by the ordinary rules as to affidavits of illegality. It is amendable to the same extent as ordinary pleas. See Civil Code of 1895, § 5122; *Ragan* v. *Coley*, 4 *Ga. App.* 421, 426 (61 S. E. 862), and authorities cited.

2. Where one partner is indebted to another by promissory note, and dissolution of the partnership is agreed upon, and a statement of its bills payable and bills receivable is made up, and it is stipulated that the purchasing partner will accept the assets and assume the liabilities of the firm, and surrender the note which he holds against the selling partner, provided that the statement is correct as to the liabilities of the firm, but that he will hold the note until it can be further ascertained whether

the liabilities have been correctly stated or not, and it is subsequently ascertained that there are other debts owing by the partnership, the partner holding the note may proceed to enforce it against the other, at least to such an extent as will indemnify him against his losses resulting from the excess of the liabilities over the sum at which they were stated. In such a case it would not be necessary for the purchasing partner, upon discovery of the fact that the liabilities of the firm had been understated, to offer to rescind and to restore the status before he could hold the other partner to liability on the note. The doctrine of restoration as a condition of rescission for fraud is not involved. The case turns on the agreement between the parties. See, however, *Oliver v. House*, 125 *Ga.* 637 (3), 639 (54 S. E. 732). *Judgment reversed.*

Illegality; from city court of Americus—Judge Crisp. November 4, 1909.

Argued February 23,—Decided June 14, 1910.

*George P. Munro, W. B. Short,* for plaintiff in error.

*W. W. Dykes, W. D. Crawford,* contra.