4886.  BENTON-SHINGLER COMPANY v. MILLS et al.

HILL, C. J.  1. An affidavit of illegality filed by a defendant in a mortgage-foreclosure proceeding is amendable to the same extent as are ordinary pleas.  McMichael v. Mackey, 7 Ga. App. 773 (68 S. E. 332).

2. A judgment striking a defense to the foreclosure of a mortgage, upon the ground that it was filed without leave of the court and after the original affidavit of illegality had been filed, does not preclude the defendant from offering and having allowed at a subsequent term of the court an amendment to the affidavit of illegality, setting up the same defense that he sought to raise in the amendment previously stricken.

3. Even if the judgment allowing a plea of suretyship is error, the error is immaterial if, upon the trial of the issue thus raised, the jury find in favor of the plaintiff and against the plea of suretyship.

4. In this State a mortgage must "specify the debt to secure which it is given."  Civil Code, § 3257.  A mortgage which recites that it is given to secure the payment of a promissory note for a specified amount, and "such future advances in money, stock, merchandise and plantation supplies" as may be made to the mortgagor by the mortgagee during a given year, is valid only as a mortgage to secure the payment of the note.  Any indebtedness above the amount of the note is to be treated as an indebtedness on open account.

5. Where a person is indebted to another, both upon a mortgage and upon an open account, he has the right, when making a payment, to direct that the payment be applied to the mortgage rather than to the open account.

3. The evidence authorized an instruction upon the principle of law stated in the last preceding paragraph, and the finding of the jury was not without evidence to support it.            Judgment affirmed.
DECIDED OCTOBER 28, 1913.

Affidavit of illegality; from city court of Blakely.—Judge Sheffield.  April 21, 1913.

Glessner & Park, for plaintiff in error.  W. W. Wright, contra.