### 6549.  HAMMOND *v.* HARRIS.

RUSSELL C. J.  According to the allegations of the plaintiff's petition, properly construed, there was no privity of contract between the plaintiff and the defendant. The promise, as alleged, was not made by the defendant to the plaintiff, but was made to a third person, and it was not enforceable by the plaintiff in his own name. The petition did not set forth a valid consideration for the defendant's alleged promise to pay the note. There was no agreement between the plaintiff and the creditor for a substitution. For these reasons the court did not err in sustaining the demurrer and dismissing the petition. *Hawkins* v. *Central Ry. Co.*, 119 *Ga.* 159, 165, 167 (46 S. E. 82) ; *Austell* v. *Humphries,* 99 *Ga.* 408 (27 S. E. 736) ; *Palmetto Mfg. Co.* v. *Parker,* 123 *Ga.* 798, 801 (51 S. E. 714). As to the failure of consideration of the alleged promise of the widow to pay her husband's debt, see *McCord* v. *Thompson,* 131 *Ga.* 126 (61 S. E. 1121) , and *Smith* v. *Head,* 75 *Ga.* 755.

*Judgment affirmed.*

DECIDED JANUARY 20, 1916.

Complaint; from city court of Polk county—Judge John K. Davis.   April 5, 1915.

The petition of W. F. Hammond against W. E. Harris, as amended, was dismissed on general demurrer. It alleges:   On February 24, 1912, W. M. Baldwin sold to W. F. Stringer a certain lot of land and executed to Stringer a bond for title, a copy of which is attached to the petition. In 1913 Stringer died intestate and in possession of this land, having paid most of the purchase-price for it.   On January 2, 1913, plaintiff indorsed a note of Stringer to the Commercial Bank of Cedartown,. for $100, a copy of which is attached to the petition. After the death of Stringer W. E. Harris desired to purchase the said land from the widow of Stringer, and plaintiff notified Harris that the estate of Stringer

owed $100 for which he was liable to the Commercial Bank. On November 22, 1913, plaintiff and Harris agreed that the said bond for title should be transferred by Mrs. Stringer to Harris in consideration of Harris paying off the note due by Stringer to the Commercial Bank and indorsed by plaintiff, and, in accordance with this agreement, Harris on the same day paid to the Commercial Bank $10, which was credited on the note. On November 24, 1913, plaintiff agreed with Harris that he "would not have administration on said estate in order to pay said sum, in consideration of Harris paying off said note to the Commercial Bank," and it was then agreed between Harris and the plaintiff and Mrs. Stringer that the equity in the land as evidenced by the bond for title be transferred to Harris in consideration of his paying off the balance on the note, to wit, $90 and interest. After the transfer of the bond for title it was delivered to Harris, November 24, 1913, and was held by him until March 9, 1914. On November 24, 1913, Harris, recognizing his obligation to pay said note, paid to the Commercial Bank $40 on it, leaving a balance due of $50 and interest. Harris has failed and refused to pay the note, and on March 9, 1914, transferred the bond for title to William Waddell for a valuable consideration, placing the equity in the property so that it can not be reached by an administrator on the estate of Stringer, and thus making the estate insolvent. On July 6, 1914, plaintiff paid the Commercial Bank $50 principal and $4.56 interest, and the note was transferred to him by the bank. A copy of the transfer is attached to the petition. Plaintiff alleges that he has fully performed his contract and that Harris (?) did not have administration on the said estate because Harris agreed to pay off and take up said note, and Harris has partially performed said contract, and there is now due by Harris to plaintiff on said note the sum of $50 principal, and interest thereon from November 15, 1913, for which plaintiff prays judgment.

By amendment it is alleged: W. E. Harris and Mrs. N. C. Stringer are brother and sister. The equity in the said land was set apart to Mrs. Stringer as a year's support on the first Monday in November, 1913, and at the time the agreement was entered into she owned the equity in the land; and on November 22, 1913, it was agreed between plaintiff and Mrs. Stringer and Harris that Mrs. Stringer, who had prior to that time agreed to pay plaintiff

the amount due on the said note, sold to Harris the equity she had in the land, for the purpose of his taking up and assuming the note, and the contract was executed on that date, the bond for title delivered to Harris, and Harris took possession of the land under the said bond for title, with the distinct agreement that Harris was to take up and pay off the note. On said occasion plaintiff had told Mrs. Stringer that he was going to have administration on the estate of W. F. Stringer, and explained to her and to Harris that if an application were made for administration, it would be necessary for her to employ counsel and lose considerable time and appear in court to fight an administration, and it was agreed between plaintiff, Mrs. Stringer, and Harris, after Mrs. Stringer had importuned plaintiff not to have administration, that plaintiff would not have administration on the said estate, but that Mrs. Stringer would transfer her equity in the said land to Harris, and in consideration of said transfer Harris was to pay the said note. Mrs. Stringer executed her part of the contract, plaintiff executed his part, and Harris partially executed his part of the contract by accepting the transfer of the bond for title and paying a part of said note, and now fails and refuses to comply with the contract. The consideration moving to Mrs. Stringer was the fact that she was saved the expense and trouble of administration on her husband's estate and the necessity of attending court, and the consideration moving to Harris was the equity in the land, which he accepted and which was worth more than $250. The only writing entered into between plaintiff and defendant and Mrs. Stringer was the transferred bond for title, which made an executed contract at the time said agreement was made. Plaintiff released the estate of W. F. Stringer on the date on which the said bond was transferred, and he agreed not to have administration, and Harris took over the bond and the land, entered upon the land, and subsequently, to wit, on March 9, 1914, sold the land for the purpose of paying off the indebtedness at the Commercial Bank, referred to in the original petition, and, after realizing the funds to pay off said note, failed and refused to apply the same.

*Mundy & Mundy,* for plaintiff.   *Ault & Wright,* for defendant.