*W. O. Dean, solicitor-general,* contra.

---

## 10594.  BENTON TRADING COMPANY *v.* BAILEY.

It not appearing that the alleged promise of the defendant to pay to the plaintiff the amount of the plaintiff's execution against another was in writing, or that the promisor was, by mutual agreement of the plaintiff, the debtor, and himself, substituted for the debtor, and the original debtor released, the court did not err in sustaining the demurrer to the plaintiff's petition, from which it appeared that the defendant bought from the debtor certain property under an agreement to take up the liens against it, and promised the plaintiff to pay off the execution if the plaintiff would not levy on the debtor's property,

and that, relying on this promise, the plaintiff did not levy, and thereafter the defendant in execution became insolvent.

DECIDED OCTOBER 9, 1919.

Complaint; from Miller superior court—Judge Worrill.  April 29, 1919.

*M. E. O'Neal, N. L. Stapleton,* for plaintiff, cited:  *Holcomb* v. *Mashburn,* 10 *Ga. App.* 783, and cit.; Clark on Contracts, 98, 100; *Sext* v. *Geise,* 80 *Ga.* 698; Civil Code (1910), § 3223 (3); *Stovall* v. *Hairston,* 55 *Ga.* 1; *Vason* v. *Beall,* 58 *Ga.* 507 (3); *Wooten* v. *Wilcox,* 87 *Ga.* 474.

*W. I. Geer,* for defendant, cited:  Civil Code (1910), § 3222; *Davis* v. *Tift,* 70 *Ga.* 52 (2); *Bedingfield* v. *Lamb,* 19 *Ga. App.* 486, and cases cited in the following decision.

LUKE, J.  Benton Trading Company brought suit against Bailey alleging that it owned an execution against Spooner; that Bailey notified it and its attorney that he had purchased practically all the real estate and personal property of Spooner, and that under the terms of the purchase he was to assume all liens against the property and pay to Spooner the remainder of the purchase-price; that he did not wish the plaintiff to levy the execution on Spooner's property; that if they would wait for awhile he would pay the fi. fa. in full; that subsequently he did pay $400 on the execution, and that, relying on Bailey's promise to pay the execution, the plaintiff did not levy the fi. fa., that Spooner thereafter became insolvent; and by reason thereof the plaintiff was damaged in an amount equal to the balance due on the execution.  The defendant demurred, upon the grounds:  that the petition set forth no cause of action; that it did not appear that the promise to pay was in writing; that the petition failed to show that the plaintiff was prevented from levying the fi. fa.; and that there was no agreement between the three persons and concurred in by them whereby Spooner was released and Bailey accepted as the debtor.

It was not error for the court to sustain the demurrer and dismiss the suit.  In every such case, in order to take the transaction out of the operation of the statute of frauds, it must appear that the person substituted for the debtor was, by agreement between the creditor, the debtor, and himself, substituted for the original debtor, and the latter released from the obligation.  See *Palmetto Mfg. Co.* v. *Parker,* 123 *Ga.* 798 (51 S. E. 714); *Fields* v. *Bullington,* 20 *Ga. App.* 102 (92 S. E. 653).

*Judgment affirmed.  Broyles, C. J., and Bloodworth, J., concur.*