**22479. CARR-LEE GROCERY COMPANY v. BRANNEN.**

HOOPER, J. 1. "Whether a judgment by default will be set aside or not is a question addressed to the sound discretion of the court below, and this court will not, as a general rule, interfere, unless such discretion has been grossly abused." *Lambert* v. *Smith,* 57 *Ga.* 25; *Butler* v. *Strickland-Tillman Hdwe. Co.,* 15 *Ga. App.* 193 (82 S. E. 815). The evidence adduced before the trial judge in support of defendant's petition to vacate the order of default was sufficient to authorize the court to find that a copy of the petition and process in the case was left at the defendant's most notorious place of abode in Candler county while

the defendant and his wife were absent from the county, that the papers were first brought to the attention of the defendant and discovered by him after the case had been entered in default, and that the defendant, with due diligence, paid the cost and petitioned the court for reinstatement of the case. The trial judge did not abuse his discretion in vacating the order of default and permitting the defendant to file his answer, which sufficiently alleged a legal defense to the suit.

2. "Where a creditor, his debtor, and a third person who owes the debtor agree in parol that such third person shall be substituted for the debtor and that the latter shall be released, the case is not within the statute of frauds, so as to require the agreement to be in writing, but the debt is extinguished as to the debtor, and the third person becomes, by substitution, the debtor in his place." *Palmetto Mfg. Co.* v. *Parker,* 123 *Ga.* 798, 800 (51 S. E. 714), and cases cited. Under the principle above announced, the trial judge did not err in admitting the testimony of the defendant debtor to the effect that he turned over his business to a third person who, as part of the consideration therefor, assumed his obligation in favor of the plaintiff, that the plaintiff expressly agreed to release the defendant and to look to the third person for the payment of the obligation, and that the defendant left in the hands of the third person certain sums owing by the latter to the defendant, so that these sums might be applied by the third person to the extinguishment of the defendant's indebtedness; the objection to such testimony being in part that the agreement of substitution came within the provisions of the statute of frauds, and that no consideration appeared for the promise of the third person to assume said indebtedness.

3. The evidence in this case was ample, under the rulings above cited, to support the verdict in favor of the defendant, and no error of law appearing, the trial judge did not err in overruling plaintiff's motion for a new trial. *Judgment affirmed. MacIntyre, J., concurs.*

BROYLES, C. J., dissenting. I think that under the facts of the case the judge erred in allowing the default to be opened.

DECIDED DECEMBER 31, 1932.

*Kirkland & Kirkland,* for plaintiff.

*J. L. Brown, J. J. E. Anderson,* for defendant.

