Brown, adm'r, &c. vs. Harris, adm'r, &c.

No. 71.—ELIZA A. BROWN, adm'r, &c. of T. A. Brown, deceased, et al. plaintiffs in error, vs. ISAAC C. HARRIS, adm'r, &c. defendant.

[1.] If creditor and debtor, and another person agree, before the debt falls due, that person shall be substituted for the debtor, the debt is extinguished as to the debtor, and that person becomes a debtor in his place.

Assumpsit, in Bibb. Tried before Judge POWERS, May Term, 1856.

Samuel M. Alsabrook, in his lifetime, brought an action

against the late firm of Brown & Harris, to recover an amount claimed to be due him for the hire of a slave.

The ground of defence set up was, that the defendants, Brown & Harris, hired the negro in question to be employed as a servant in the "Washington Hall" hotel, and that after the hiring, they sold out their interest in said hotel to Rogers & Meara, who assumed this among the other debts contracted by defendants for the use of said hotel; that this arrangement was accepted by the owner of the servant and that they were released.   (The original parties to the suit having died, their proper representatives were made parties.)

On the trial, plaintiff proved by SAMPSON M. LANIER, that he, witness, as the authorized agent of Brown & Harris, hired servant Ben from J. C. Harris, as agent for some one, he did not know whom, and at the time, gave said Harris an instrument in writing, of which this is a copy:

"*Messrs Brown & Harris:*

Pay Isaac C. Harris for hire of *Ben*, per year, one hundred and thirty dollars, and clothe him; also, pay monthly, quarterly, or when called for.

S. M. LANIER, for Brown & Harris.

Washington Hall, Macon, July 16th, 1850."

Also, that the two receipts of twenty-five dollars each, one dated May 4, 1850, and the other April 18, 1851, indorsed on said draft, were in the handwriting of E. S. Rogers, one of the firm of Rogers & Meara; that Brown & Harris sold out their Washington Hall interest to Rogers & Meara, about the 11th February, 1850, and that the negro, *Ben*, still remained in the hotel under the latter; that said Harris, by direction of witness, called on Rogers after the above date for said hire, and that he called on him several times therefor.

The witness states, further, that according to the custom of hotels, upon a change of proprietors, all servants hired in the hotel are turned over to the new proprietor, and the hire

dates from the time of the change; and the owners of servants either remove them or look to the new proprietors for their hire. The negro owners made out their bills against Rogers & Meara, without any exception, after the change.

The testimony of the above named witness, taken by commission, when offered in evidence, was objected to on the grounds—1st. That it showed a different cause of action from the one sued on. 2d. That it was sought thereby to vary the contract which was shown to be in writing.

The Court over-ruled the objection, and Counsel for defendant excepted.

The plaintiff having here rested his cause, defendant's Counsel then moved for a non-suit, because the contract proved was a special contract; that there was no proof of plaintiff's interest in the subject matter, and that the action should have been brought by J. C. Harris. This motion was also over-ruled, and defendant excepted.

Defendant then proved by said E. S. Rogers, that he had seen the draft, a copy of which is above given; that he, as one of the firm of Rogers & Meara, had agreed with said Isaac C. Harris to adopt said contract of hire, upon the terms specified in said draft; by which agreement with Harris plaintiff was to look to the firm of Rogers & Meara for the said hire. Said firm paid fifty dollars on said draft.

Defendant having closed, the Court charged and refused to charge the Jury, as will below appear.

There was a verdict for plaintiff; whereupon, Counsel for defendant moved for a new trial, on the following grounds:

1st. Because the Court erred in allowing so much of the " interrogatories" of S. M. Lanier to be read to the Jury as sought to vary the written contract for the hire of the negro.

2d. Because the Court allowed the suit to proceed in the name of the administrator of Alsabrook, deceased, when the writing shows it was made with J. C. Harris, in his own right.

3d. Because the Court erred in refusing to charge as requested—

"That if the Jury believe, from the evidence, that the plaintiffs and defendant, and Rogers & Meara, got together, and by consent of all parties, it was agreed that Rogers & Meara should be substituted as the debtors for the negro hire, in lieu and stead of Brown & Harris; and plaintiff, in pursuance of said agreement, did actually substitute Rogers & Meara for Brown & Harris—if you so believe, you will find for defendants." -

And in charging that—

"A mere substitution by the plaintiff of Rogers & Meara as debtor in the place of Brown & Harris, unless the debt was abrogated as to Brown & Harris, would not be sufficient. The case turns on a narrow point of law; and if you believe, from the evidence, that plaintiff received Rogers & Meara as debtor, and cancelled the obligation as to Brown & Harris, then you will find for defendant; otherwise, you will find for the plaintiff."

To all which defendant excepted.

L. N. WHITTLE, for plaintiffs in error.

POE & GRIER, for defendant.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] The charge requested should, we think, have been given. In our opinion, "a mere substitution by the plaintiff of Rogers & Meara as debtor, in the place of Brown & Harris," would, *of itself*, have abrogated the debt as to Brown & Harris. That, as we conceive, would be the *necessary* effect of such a substitution.

And because the Court failed to give this charge, we grant a new trial.

Some remarks may, however, with propriety, be made on the other points in the case.

The first of these was, that the testimony of S. M. Lanier proved a different cause of action from that sued on; and, therefore, should not have been received.

The cause of action which that testimony proved, was a contract of Brown & Harris made with Isaac C. Harris, as the agent *of some one*, whom the testimony did not show. The testimony, therefore, showed a cause of action in favor of some person other than *Harris*. The cause of action sued on, was sued on by another person than Harris, viz: Alsabrook. The testimony, therefore, was not inconsistent with the cause of action.

This first point, therefore, is not true in fact.

The second was, that it was sought by the testimony to vary the contract—a contract which it was shown was in writing. The meaning of this probably is, that the contract, as it was proved, did not show upon its face that Isaac C. Harris, one of the parties to it, was a party to it *as agent*; and the testimony of Lanier went to show that Harris was a party to it as agent.

But does it follow, that when a contract is merely silent as to whether a party to it is a party as principal or a party as agent, it varies the contract to show that he is a party to it as agent? In such a case, is it inconsistent with what is expressed, that the party should be a party as agent? If it is, then when a written contract is silent as to whether a party to it is principal or is surety, it is equally inconsistent with the contract that he should be a surety. Yet, it is generally agreed, that the party's being a surety is such a case as is not inconsistent with the contract. That, clearly, is the view which our law takes of the matter; for it allows sureties to make "special defence;" i. e. to show that they are sureties for the purpose of acquiring the right to control the judgment; and to do this even after judgment. (*Cobb's Dig.* 593.)

We, therefore, are not prepared to say that the Court erred with respect to this point.

As to the grounds of the motion for a non-suit, if the proof was defective as to *Alsabrook's* "interest in the subject matter," i. e. was defective in not showing that he was the person who was the principal, of whom Isaac C. Harris was agent, the deficiency may, perhaps, be supplied on the new trial.

The proof, as it stands, is, that Harris was agent for *somebody;* and Harris is representing Alsabrook in the case.

That is an admission which is good (so far as he is concerned) to show that Alsabrook was the person for whom he was agent. Is this enough? Hardly, perhaps. But this question was not argued.