## LESTER *vs.* JOHNSON *et al.*

1. If the record shows that the judgment excepted to be right, it matters not on what ground the superior court rested the judgment.

2. Where it was ordered in term, by consent of counsel, that the cause be heard and determined by the presiding judge in vacation without the intervention of a jury, with right of exception to either party, as though tried by a jury, and where the case was so heard and determined in vacation, and entered on the minutes *nunc pro tunc* at the next term of the court, and counsel then filed a motion for a new trial made before the judge in vacation some time after the decision of the case though within thirty days thereafter, and the court dismissed the motion because it was too late :

*Held,* that the party complaining of the decision so made in vacation had no legal right to make a motion for a new trial of the case, but that his remedy was by bill of exceptions to this court from the judgment of the judge made in vacation, and that therefore the judgment dismissing the motion for a new trial is right.

Practice in the Supreme Court. Judgment. Practice in the Superior Court. New trial. Before Judge SPEER. Spalding Superior Court. August Term, 1878.

The case was a rule against an attorney. At the February term, 1878, of Spalding superior court, an order was taken authorizing the presiding judge to hear and determine the law and facts in vacation, with right of exception as though tried by a jury in term time. On the 17th of May, 1878, the judge determined said case. Mrs. Lester's attorneys prepared their motion for a new trial and brief of evidence, and on the 7th of June, 1878, the evidence was agreed on and the attorneys for Lovett acknowledged service on the motion for new trial. On the 14th of June, 1878, the motion and agreed evidence were submitted to and approved by the presiding judge. On the second day of the next term (August 6th, 1878,), the motion was filed in the clerk's office of Spalding superior court, and during said term dismissed on motion without a hearing on its merits, on the ground that it was not made in time. Movant excepted.

S. C. McDaniel, for plaintiff in error.

Boynton & Dismuke; H. C. Peeples, for defendants.

Jackson, Justice.

1. The motion to dismiss the motion for a new trial was predicated upon a reason, and that reason is that the movant did not move in time; and the presiding judge seems to have based his judgment dismissing the new trial upon the same reason. But it is immaterial for what reason a judge grants an order or renders a judgment if the judgment itself be right—especially if the judgment finally disposes of the case by dismissing it. The judgment of the court in this case, for instance, dismissed the motion for a new trial, and thereby disposed of it forever. The court did so because the motion for a new trial was not made in time, but if the case was such an one that the motion could not be made at all—at no time—it is clear that the judge did right to dismiss it. And hence the propriety of the practice of this court to sustain a judgment that is right, no matter for what reason the court below rendered it. It is the judgment which is complained of, it is that act of the court which this court reviews—it is not the reasons, right or wrong, which are given below for the judgment. And so it has been very often ruled—see 55 *Ga.*, 572; 59 *Ga.*, 799, and many other cases.

2. There is no law that we know of which authorizes a motion for a new trial of a cause tried before a judge at chambers. The remedy is by exceptions to the judgment and rulings of the judge in such cases. That the law provides for; but it does not for the motion to hear the case again before the same judge at chambers, or before the superior court in term. The party may except and bring the case to this court on his exceptions within thirty days from the ruling in vacation, Code, §4251; but we are not aware of any law which empowers him to move the judge

at chambers for a new trial. The judge at chambers has no power to hear and determine such a motion, unless an order to that effect was passed in term; and no motion for a new trial can originate in vacation. In this case the party did not even make the motion when the judge heard the case or rendered the decision, but did so at another time— purely in vacation—and disconnected entirely from the order to hear and determine the case.

Such a proceeding is wholly without authority of law, and cannot stand at all. See Code, §§246, 247.

Even if the order in express terms had authorized the motion for a new trial to be made, it ought to have been made, if it could be made at all, within thirty days, for that is the time within which he could except; but that could not be done then in this case, perhaps, because it would originate in vacation; and if made and filed at the next term, as seems to have been afterwards attempted, it would be too late, as the judge held, by analogy to the time prescribed for bills of exceptions.

It is unnecessary, however, in this case to consider that view of the case, because there was no reservation of the right to move for a new trial, but only of the right to except. To except is one thing, to move for a new trial is another. It is true that the order for the hearing gives the right to except as before a jury, but that means to except to the rulings of the court in admitting or rejecting evidence, or deciding law points as if before a jury. It cannot mean to move for a new trial, because you can move for a new trial before another jury, for who ever heard of a jury before a judge of the superior court in vacation. It means the right to except and by bill of exceptions to bring the case here. And that gives the party excepting all his rights; for he can except to the judgment on the facts in such a case as this, where law and facts are submitted to the judge, as well as to the judgment on the law. See 45 *Ga.*, 167.

There being no authority of law for the motion for a

new trial of a judgment rendered by a judge of the superior court in vacation, the motion was properly dismissed, and the judgment dismissing it is affirmed.

Judgment affirmed.