THOMAS v. METROPOLITAN LIFE INSURANCE COMPANY.

ATKINSON, J. An insurance policy on the life of Mattie L. Bailey designated Janie Garlington, the mother of the insured, as beneficiary. It contained, among others, the following provisions: (a) "If this policy be assigned or otherwise parted with, or if any erasure or alteration be made herein except by endorsement signed by the secretary, . . . this policy shall be void." (b) "Subject to the approval of the company, the insured, at any time during the continuance of this policy, provided the policy be not then assigned, may change the beneficiary or beneficiaries, by written notice to the company at its home office, accompanied by this policy, such change to take effect on endorsement of the same on the policy by the company." Held, that a petition in a suit on the policy by an alleged transferee for value, which failed to show assent to the transfer by endorsement on the policy signed by the secretary, or which, though alleging that the insured had signed a notice to the company of a substitution of the name of the alleged transferee for that of the beneficiary, failed to allege that such notice was presented to the company for endorsement before the death of the insured, was subject to general demurrer.

Judgment affirmed. All the Justices concur.<br>DECEMBER 15, 1915.

Action upon insurance policy. Before Judge Bell. Fulton superior court. October 15, 1914.

Fred Schrimper, Watkins & Lewis, and A. A. Baumstark, for plaintiff.

Smith, Hammond & Smith and John T. Hardisty, for defendant.