## CHANCE, administrator, *v.* SIMPKINS *et·al.*

1. Where the issues of a case are submitted to the judge, without the intervention of a jury, for his decision upon all matters of fact and of law, and he renders a judgment therein in term time, the losing party may review the judgment either by a direct bill of exceptions or by a motion for a new trial.
2. The naming of a beneficiary in an insurance policy is an integral part of the contract, and can not be changed without a compliance with the stipulations in the policy.

FEBRUARY 16, 1917.

Interpleader. Before Judge Hammond. Richmond superior court. December 20, 1915.

*W. H. Fleming* and *Paul T. Chance,* for plaintiff in error.

*George T. Jackson* and *C. H. & R. S. Cohen,* contra.

GILBERT, J. The Metropolitan Life Insurance Company issued two policies of insurance on the life of Mary Collins. Frances Collins was named as beneficiary in one policy, and as beneficiary in the application for the other policy. The death of the beneficiary preceded that of the assured. There being conflicting claims for the payment of the amounts due under the policies, the insurance company, admitting liability, filed a petition to require all the claimants to interplead, and for direction from the court as to whom the money should be paid. Paul T. Chance, administrator of Mary Collins, and Ellen Simpkins filed their interventions, the former claiming on the ground that the beneficiary left the assured as her only heir. Ellen Simpkins claimed on the ground that the assured had appointed her as the "new beneficiary." She alleged that Frances Collins was the original beneficiary under both policies, and obtained judgment based on these allegations. As the insurance company stood ready to pay either claim, according to the direction of the court, the contest was between the two intervenors. The whole case was submitted to the judge, without the intervention of a jury, for his decision upon all matters of fact and of law, he being "clothed with all of the privileges, rights, powers, and authority that is within the province of a jury and judge in determining civil cases at law," etc. The court rendered a judgment in favor of Ellen Simpkins. Chance, administrator, filed a motion for a new trial, which was overruled, and he excepted.

1. The defendant in error insists that the remedy of the plain-

tiff in error was by a direct bill of exceptions to the findings of the court; citing *Lesler* v. *Johnson,* 64 *Ga.* 295, and *Moreland* v. *Stephens,* Id. 289. The difference between the cases cited and the instant case is that in the former the judgments of the court were rendered in vacation. In the case now under consideration the judgment of the court was rendered in term time. When the judgment is rendered in term time, the losing party may review the ruling either by a direct bill of exceptions or by a motion for a new trial. *Crumbley* v. *Brook,* 135 *Ga.* 723 (70 S. E. 655).

2. It appears from the facts disclosed in the record that the intervenor Simpkins, together with one Vaughn, an employee of the insurance company, made an effort to induce the insured, during her last illness, to execute a paper of some character for the purpose of making Ellen Simpkins the beneficiary. This paper was sent to the home office of the insurance company in New York, and, without assent to such change, was returned to the Augusta office, together with an inquiry as to the insurable interest of Ellen Simpkins. This paper was destroyed by Vaughn; and it is insisted by the administrator of Mary Collins that the procuring of the paper above mentioned was a fraud upon the part of Vaughn and Ellen Simpkins, and that the same was ineffectual and did not amount in law to a change of beneficiary. If in fact such a paper was ever signed by the assured, it had no legal effect. The terms of both policies were explicit, and there was no compliance whatever therewith. The naming of a beneficiary in an insurance policy is an integral part of the contract, and can not be changed without a compliance with the stipulations in the policy. There is no suggestion that the insurance company in this case ever consented to any change in the terms of the contract made with the insured. *Thomas* v. *Metropolitan Life Ins. Co.,* 144 *Ga.* 367 (87 S. E. 303) ; *Royal Arcanum* v. *Riley,* 143 *Ga.* 75 (84 S. E. 428). The judgment of the court, therefore, finding in favor of Ellen Simpkins was unauthorized.

*Judgment reversed. All the Justices concur.*