### 9501. SCOTT *v.* WARD, sheriff.

The contract entered into by the plaintiff, whereby another was substituted as debtor in place of the sheriff, amounted in itself to an abrogation of the demand against the sheriff. The foundation of the rule absolute being the contempt of the court on the part of the sheriff by his failure to obey its order, and it having been made to appear that the officer was not really liable, but had been thus relieved by the plaintiff from complying with the court's order, there was no error in refusing to make the rule absolute.

DECIDED OCTOBER 16, 1918.

Rule against sheriff; from Crisp superior court—E. F. Strozier, judge pro hac vice. November 20, 1917.

In the petition of W. E. Scott for a rule against J. H. Ward, sheriff, it is alleged: that in the case of B. O. Willis et al. *v.* J. H. Ward, sheriff, which was a rule to distribute money, the answer of the sheriff stated that the property levied on was sold for $765; that at the hearing of that proceeding, on June 21, 1915, the court ordered the sheriff to pay to plaintiff, Scott, $333.43; that the sheriff caused to be paid over to J. T. Hill, attorney for plaintiff, $166.71, leaving a balance due plaintiff of $166.72, which has never been paid to him or to his attorney by the sheriff, and that he is entitled to have said Ward, sheriff, pay to him that sum with interest at 7 per cent. per annum from June 21, 1915. The petition shows that at the time the partial payment was made, the plaintiff's attorney entered into a written agreement with the Byrom Corporation, through its attorneys, that the balance be held in statu quo pending an agreement between it and the plaintiff upon certain indebtedness which it claimed against the plaintiff; and it is alleged he is not indebted to Byrom Corporation in any sum whatever, and that therefore he and the said corporation have failed to make any agreement with reference to any claim of indebtedness made by it against him. He alleges that he has made demand upon the sheriff for payment, and that the sheriff fails and refuses to make such payment.

The sheriff, in his answer, sets up the agreement referred to by the plaintiff, and claims thereby to have been absolved from liability to the plaintiff under the order of the court. This agreement was as follows:

"Georgia, Crisp County. Whereas, upon a rule to distribute money in Crisp superior court at the May term, 1915, it has been adjudged by the court that W. E. Scott is entitled to recover of Todd Brothers, upon the foreclosure of a laborer's lien, the sum of $333.43 as principal and interest, and that the pro rata share of the funds in the hands of the sheriff of Crisp county for distribution will pay to the said W. E. Scott the sum of $324.73 of such amount as principal and interest; and whereas the Byrom Corporation became the purchasers of a portion of the property sold, belonging to Todd Brothers, such purchase price being part of the money to be distributed, and which as yet has not been paid into the hands of the sheriff by the said Byrom Corporation, the said Byrom Corporation being due the sheriff of said county the sum

of $675.00, less certain costs already paid by the said Byrom Corporation; and whereas the said Byrom Corporation has a claim of indebtedness against said W. E. Scott amounting to something more than $400.00; and whereas the said W. E. Scott, in such laborer's lien foreclosure proceedings, was represented by J. T. Hill, Esq., attorney at law, who has a conditional fee of 50% of the amount recovered therein; it is thereupon agreed by counsel for the parties, that the Byrom Corporation shall pay to the said J. T. Hill, Esq., 50% of the amount, to wit, $324.73, so awarded to the claim of W. E. Scott, and that the remainder of such claim shall be held for future adjustment between the parties; that is to say, W. E. Scott and the Byrom Corporation. The foregoing in duplicate agreed to, this the 10th day of August 1915.

J. T. Hill, attorney for W. E. Scott.

Crum & Jones, attorneys for Byrom Corporation."

The case was submitted to the court upon the issues of law and of fact, and the court rendered judgment in favor of the defendant, denying the rule absolute prayed against him.

*A. L. Henson, Hill & Nix,* for plaintiff.

*Jones & Bussey,* for defendant.

Jenkins, J. (After stating the foregoing facts.) The effect of the agreement entered into between the plaintiff and the Byrom Corporation was to release the sheriff from any liability to the plaintiff for the balance due him under the judgment in the former money-rule proceeding, and also to relieve the Byrom Corporation from the necessity of paying to the sheriff that amount of the purchase-price of the property purchased by the said corporation, the plaintiff therein agreeing to adjust the remainder of his claim with the Byrom Corporation and to look to it for the payment thereof. The contention of counsel for plaintiff in error, that the contract introduced in evidence can not be held to mean that plaintiff agreed to look to the Byrom Corporation for the balance of his lien, but that the sheriff was simply to hold the fund temporarily, pending an adjustment between plaintiff and said corporation, is not well founded, for the contract itself shows that the purchase-price of the property sold by the sheriff and bought in by the corporation had never been paid over to the sheriff, there were no funds in his hands, to be held by him, and the agreement released the corporation from paying the same over to the sheriff, in so far as this

·plaintiff was concerned.  If, under the terms of the agreement entered into between the parties, the Byrom Corporation had not been relieved from the necessity of paying the funds into the hands of the sheriff, and the funds had in fact been paid over, with the understanding that the sheriff was simply to hold them ·subject to an adjustment to be made between the parties, then the authorities cited by counsel for plaintiff in error (Civil Code of 1910, § 5348; *Strickland* v. *Smith,* 53 *Ga.* 79; *Smith* v. *Wade,* 65 *Ga.* 753), to the effect that where money is in the hands of an officer he may pay it over to the plaintiff by whose process it was raised, unless other claimants deposit their claims with him, and that notice to retain, unaccompanied by a lien, is insufficient, would be apropos; but under the facts as they appear in the record in this case, the authorities cited are not in point.

In the case of *Anderson* v. *Whilehead,* 55 *Ga.* 277, 278, it was held that "Where creditor and debtor and another person who owes the debtor agree that the latter person shall be substituted for the debtor and the debtor be released . . . , the debt is extinguished as to the debtor, and the third person becomes debtor in his place." While the defendant, Ward, sheriff, was not a signatory party to the contract in this case, by the terms of the contract itself the Byrom Corporation was substituted for the sheriff as debtor, and this would of itself be a discharge of the sheriff from liability, whether such discharge was expressly mentioned or not (*Ferst* v. *Bank of Waycross,* 111 *Ga.* 229, 232, 36 S. E. 773) ; and that such was the intention of the parties is shown by the fact that in pursuance of the agreement one half of the amount adjudged to be due the plaintiff, under the money rule, was actually paid over by the Byrom Corporation and received from it by the plaintiff, and that the remaining portion has never been collected from the Byrom Corporation by the sheriff.  As was held in the case of *Edenfield* v. *Canady,* 60 *Ga.* 456, "The substitution of debtor for debtor is not infrequent, and there is a place for it in the law.  The undertaking in such case is not collateral, but original, and performance may be enforced as between the new parties, no matter what equities may have existed.  See also *Brown* v. *Harris,* 20 *Ga.* 403; *Dever* ·v. *Akin,* 40 *Ga.* 423.

The contention that the plaintiff is not bound by the contract, because it was entered into by his attorney without authority to

make it, is without merit, since the plaintiff sets up in his petition that the contract was in fact made, and nowhere does he seek to repudiate it.

The foundation of a rule absolute is the contempt of the court in the failure of the sheriff to obey its order; and it being made to appear by the contract entered into between the parties in this case that the sheriff was not really liable, but had thereby been released and absolved from any duty or liability to the plaintiff under the order of the court, the court properly refused to make the rule absolute. *Holcombe* v. *Dupree*, 50 *Ga.* 335.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*