ACREE *v.* KAY *et al.*

No. 12944. SEPTEMBER 16, 1939.

784

*George L. & Carter Goode,* for plaintiff.

*George G. Allen, Owen & Gross* and *Shelton, Pharr & Long* for defendants.

DUCKWORTH, Justice. "One simple contract as to the same matter, and on no new consideration, does not destroy another between the same parties; but if new parties are introduced by novation, so as to change the person to whom the obligation is due, the original contract is at an end." Code, § 20-115. While that section refers to simple contracts, the principle of law which it declares has been applied by this court to all contracts, without regard to whether they were merely simple contracts or contracts under seal. There

is no reason why the sound legal principle embraced in that section should not apply to contracts under seal; and while the contracts involved in the instant case were both under seal, if the facts bring them under the Code section they must be controlled thereby. In *Brown* v. *Harris*, 20 *Ga.* 403, 406, in ruling on an exception to a refusal to charge as requested, this court said: "In our opinion, 'a mere substitution by the plaintiff of Rogers & Meara as debtor, in the place of Brown & Harris,' would *of itself* have abrogated the debt as to Brown & Harris. That, as we conceive, would be the *necessary* effect of such a substitution. And because the court failed to give this charge, we grant a new trial." In *Keller* v. *Beaty*, 80 *Ga.* 815 (6 S. E. 598), John Keller bought from Beaty certain land, and some time thereafter it was agreed by all parties that William Keller might take the place of John. Assuming the debt and becoming the debtor of Beaty, William executed to Beaty a note for the land. On these facts this court said: "The undertaking by William Keller and the giving of his note therefor was a novation." In *Ferst* v. *Bank of Waycross*, 111 *Ga.* 229, 232 (36 S. E. 773), the case of *Brown* v. *Harris*, supra, was cited and approved, and this court said: "It would seem from this that if the contract was as set out in the petition now under consideration, and the bank was to be substituted for Lee as debtor, this would of itself be a discharge of Lee from liability, *whether such discharge were expressly mentioned or not.* The allegations would seem to show that Lee was present, *in which event there can be no doubt in regard to the matter.*" (Italics ours.) In *Dillard* v. *Dillard*, 118 *Ga.* 97 (44 S. E. 885), this court said: "Where by mutual agreement a note was given by J. to A., the latter having accepted the former as a substitute for his original debtor, W., this was a novation, and the debt from W. to A. was abrogated," citing *Ferst* v. *Bank of Waycross*, supra. In *Whatley* v. *Marshall*, 139 *Ga.* 148, 154 (76 S. E. 1025), Presley bought some lands from Carmichael in 1901, giving his notes for $260 and receiving a bond for title. In 1902 Carmichael, Presley, and Barrett agreed that Presley surrender the bond for title and Carmichael surrender Presley's notes, Presley giving Carmichael $10 and Carmichael deeding to Presley eight acres of the land, and Barrett giving Carmichael his note for $250 and receiving bond for title from Carmichael. On this state of facts this court ruled as follows: "The transaction entered into

by Presley, Barrett, and Carmichael was a novation," citing *Keller* v. *Beaty* and *Dillard* v. *Dillard,* supra. In *Nalley Land & Investment Co.* v. *Merchants & Planters Bank,* 187 *Ga.* 142 (4) (199 S. E. 815), this court said: "It is also true, and not in contravention of the rules just stated, that where by mutual agreement a creditor holding the note of a debtor accepts a third person as substitute for the original debtor, and receives a new note from the substitute in payment or cancellation of the old obligation, this is a novation; the extinguishment of the debt represented by the old note constitutes in itself a valuable consideration for the new obligation;" citing *Dillard* v. *Dillard* and *Ferst* v. *Bank of Waycross,* supra.

Most of the cases decided by this court on the subject of novation have dealt with situations involving the relationship of debtor and creditor; and generally it has been true that in the new contract constituting a novation a third party was substituted for a debtor, and the original debtor thereby released from the obligation to pay the original debt. In reality the legal principle involved is equally effective whether the substitution is for the debtor or the creditor. 20 R. C. L. 362, § 4. Nor is the principle limited to contracts whereby money obligations are imposed. Restatement of the Law of Contracts, 809, § 430, gives the rule as follows: "Where a first and second party, who have rights against one another, and a third party all agree that the third party shall immediately acquire a right against the first party and be subject to a duty to him, in substitution for the previously existing right and duty to the second party, there is a novation that is operative according to the terms of the agreement." The rule is applicable to all contracts where obligations are imposed upon a contracting party and a new contract substitutes either an obligee or an obligor for a party to the original contract. It is necessary in every case that the parties to the new contract and the party to the original contract who has been eliminated from the new contract all agree to the execution of the new contract. It is not essential that all the parties expressly agree that the new contract shall take the place of the original contract, but only that they agree that the new contract itself be executed. In the instant case it was admitted that Acree procured the execution of the contract between Andrews, who, as Acree contends, was bound as assignee of Kay to the terms of the

original contract, with Sinclair Refining Company; and Acree, a party to the original contract, was by agreement of the parties not made a party to the second contract. The subject-matter of both contracts was the purchase and sale of all gasoline and oil sold at the filling-station in question, the first contract providing a period of five years, and the second contract providing for a period of one year and from year to year unless terminated as therein provided. Manifestly, if Andrews should perform the duties imposed by his contract with Sinclair Refining Company, he could not perform the duties imposed by the contract with Acree; and if Sinclair Refining Company performed its duties under its contract, Acree would thereby be relieved of performing his duties under the original contract. Thus it is seen that Sinclair Refining Company was substituted for Acree to perform the duties and enjoy the privilege of selling all the gasoline and oil retailed at the filling-station at the prevailing prices. Under these circumstances Acree was discharged from his contract; and if he was discharged Andrews was likewise discharged, and, as held in *Ferst* v. *Bank of Waycross,* supra, "whether such discharge were expressly mentioned or not." It was further ruled in that case that the allegations seemed to show that Lee was present, in which event there could be no doubt as to his discharge. Acree in the instant case not only was present but was the instrumentality through which Sinclair Refining Company acted to bring into existence its contract with Andrews.

But it is contended by Acree that since he was sales agent for Sinclair Refining Company, its contract with Andrews in no wise affected his contract, and that the two were capable of execution at the same time, in that he made the deliveries and collected for the gasoline and oil sold by Sinclair Refining Company to Andrews. In this connection it should be noted that the evidence showed that Acree's contract with Sinclair Refining Company provided that it could be terminated at any time by either party. The fallacy of the plaintiff's contention is illustrated by the fact that had the company terminated its contract with Acree immediately upon the execution of its contract with Andrews, Acree could not then deliver the Sinclair products to Andrews; and had Andrews accepted delivery from Acree of any products other than those of Sinclair Refining Company, he would thereby have definitely

breached his contract with Sinclair, and would have been subject to suit for such breach, notwithstanding the fact that he executed that contract at the request and with the approval of Acree. On the other hand, had he performed his obligations under the contract, he could not have carried out the contract with Acree, since Acree could not deliver Sinclair products. The law would not permit Acree to thus demand the deliberate breach of a contract that he had procured and approved. We hold that, upon the execution of the second contract under the circumstances attending its execution, the first contract automatically terminated, and the parties thereto were relieved from any further obligations thereunder. In view of the foregoing ruling it is not necessary to rule upon other contentions made in this case; for if we should hold that the original contract was for any reason assigned not binding on Andrews, the plaintiff would in such event have no cause of action, and would not be entitled to an injunction; and should we hold that the original contract was valid and binding upon Andrews, he was relieved therefrom under the foregoing ruling. In either event the plaintiff was not entitled to an injunction.

*Judgment affirmed. All the Justices concur.*