31440.  LOFTIS PLUMBING & HEATING CO. INC. *et al. v.* AMERICAN SURETY CO. OF NEW YORK.

Decided December 4, 1946.

592

*Scott, Wiggins, Grizzard & Smith,* for plaintiffs in error.
*Jones, Williams & Dorsey,* contra.

SUTTON, P. J. (After stating the foregoing facts.) ■ The plaintiffs in error contend that the court erred in directing the verdict against them because the evidence authorized, if it did not demand,

a finding that there was a novation of debtors whereby they were released from all liability for the bond premium sued for and Doullut & Ewin substituted in their place. In the application executed by the plaintiffs in error, requesting the defendant in error to execute the bond with reference to the proposed contract between Loftis Plumbing & Heating Company Inc. and Doullut & Ewin, it was expressly agreed that the plaintiffs in error would pay the premium on the bond and that the surety company, by accepting other or additional security, indemnity or consideration, did not waive any right or remedy it had or release the plaintiffs from any liability thereunder. After the execution of this request for the bond, Loftis Plumbing & Heating Company Inc. and Doullut & Ewin entered into a contract for certain work, and the bond referred to in the application executed by the plaintiffs in error was incorporated in this contract as one of its articles. This contract provided, in part, that the premium on the bond was to be paid by Doullut & Ewin, but it did not purport to release the plaintiffs in error from their liability based on the application previously executed by them to the surety company requesting it to execute the bond and agreeing to pay the premium therefor. The defendant in error executed as surety the contract between Loftis Plumbing & Heating Company Inc. and Doullut & Ewin and agreed to its provisions. The plaintiffs in error contend that this contract or agreement was a novation of the original agreement entered into by them and that by executing this second contract, the surety company by necessary implication released the plaintiffs in error from all liability on the application and substituted Doullut & Ewin in their place.

While there may be a novation of debtors, even as to sealed instruments, the novation must be such as to release the original debtor and substitute a new debtor in his place. This release and substitution may be by express terms, or may be inferred from the acts of the parties or by necessary implication from a construction of the subsequent agreement. *Brown* v. *Harris,* 20 *Ga.* 403; *Ferst* v. *Bank of Waycross,* 111 *Ga.* 229 (36 S. E. 773); *Scott* v. *Ward,* 22 *Ga. App.* 680 (97 S. E. 207); *Acree* v. *Kay,* 188 *Ga.* 783 (4 S. E. 2d, 820). However, before there can be a novation of debtors, the original debtor must be released. If the original debtor is not released, there is no novation of debtors. *Few* v. *Hilsman,* 18 *Ga. App.* 207 (89 S. E. 79). Also, see *Didschuneit* v. *Enochs Lumber*

&c. Co., 42 Ga. App. 527 (3) (156 S. E. 720), and citations. "The mere assumption of a debt by a third party is not sufficient, but it is essential that an intention to release the first obligor and extinguish his liability should appear, otherwise the assumption of debt by a third person will be presumed to be merely additional security." Leverette v. Harmony, 69 Ga. App. 126 (3) (24 S. E. 2d, 856). Under the terms of the application for the bond, the plaintiffs in error obligated themselves to pay the premium on the bond. Under the terms of the agreement containing the bond, which the defendant in error executed as surety, it was agreed that the premium on the bond would be paid by Doullut & Ewin. The second agreement was not a substitute for the first, but was executed by the defendant in error pursuant to the provisions of the first agreement, which had been executed earlier in the same day. The two agreements being in writing and plain and unambiguous in their terms, their construction was a matter for the court. Code, § 20-701. We think that the court properly construed the two agreements, and that the second was in the nature of additional security or consideration in so far as the payment of the premium on the bond was concerned, and that it was not a substitute for the provisions of the application wherein the plaintiffs in error obligated themselves, jointly and severally, to pay the premium on the bond to be executed by the defendant in error. Under this construction, the court did not err in holding that the evidence neither authorized nor required a finding that there had been a novation of debtors in this case.

■ The plaintiffs in error contend that there was evidence to have authorized the jury to find that the defendant in error was estopped from proceeding against them for the premium sued for and that for this reason the court erred in directing the verdict against them. The Code, § 38-114, provides in part: "Presumptions of law are sometimes conclusive, and an averment to the contrary shall not be allowed. These are termed estoppels, and are not generally favored. Among these are . . solemn admissions made in judicio, and other admissions upon which other parties have acted, either to their own injury or the benefit of the persons making the admissions; and similar cases where it would be more unjust and productive of more evil to hear the truth than to forbear the investigation." And § 38-116, provides: "In order for an equitable es-

toppel to arise, there must generally be some intended deception in the conduct or declarations of the party to be estopped, or such gross negligence as to amount to constructive fraud, by which another has been misled to his injury." In the present case, the plaintiffs in error contend that the defendant in error, by the execution of the agreement containing the bond, which agreement provided that the premium was to be paid by Doullut & Ewin, and the billing and receiving from Doullut & Ewin the initial premium, and by consenting to the settlement of the contract between Loftis Plumbing & Heating Company Inc. and Doullut & Ewin, wherein the heating company released any claim it had against Doullut & Ewin for the bond premium, and by demanding payment of Doullut & Ewin of the bond premium, after knowledge of the settlement between it and the heating company, misled the plaintiffs in error and caused them to believe that the defendant in error did not look to them for the bond premium, and caused them to release Doullut & Ewin for the same, and that the defendant in error was estopped from maintaining the present action against them. The burden of proving the estoppel was upon the plaintiffs in error. "Upon the party pleading an estoppel rests the burden of proving every essential fact necessary to constitute the estoppel." *Jackson* v. *Lipham,* 158 *Ga.* 557 (3) (123 S. E. 887), and citations. Also, see *Stonecipher* v. *Kear,* 131 *Ga.* 688 (63 S. E. 215, 127 Am. St. R. 248) ; *Reeves* v. *Matthews,* 17 *Ga.* 449. Construing the evidence in this case most favorably to the plaintiffs in error, there is no evidence of any acts or declarations on the part of the defendant in error or its agents which would estop it from maintaining the present action on the application for the bond executed by the plaintiffs in error. The agreement of Doullut & Ewin to pay the bond premium, which was set out in the contract containing the bond which the defendant in error executed as surety, was in the nature of additional security or additional consideration for the defendant in error executing the bond, and the application executed by the plaintiffs in error, in which they obligated themselves, jointly and severally, to pay the premium on the bond, provided, in part, that, "the acceptance by the surety of other or additional security, indemnity or consideration shall not be a waiver of any right or remedy of the surety: nor shall it release the indemnitor from any obligation hereunder." The conduct of the defendant in error, in executing the bond as

surety with the agreement in the contract that the premium was to be paid by Doullut & Ewin, and the demanding of and receiving from Doullut & Ewin the initial premium was not inconsistent with the provisions of the application sued on, which provided that the acceptance of other or additional security or consideration by the surety company did not waive any right of the surety company or release the plaintiffs in error from their obligation thereunder. The act of the surety company in consenting for the plumbing company to settle its differences with Doullut & Ewin can not be construed as a declaration or admission on the part of the surety company that it was not relying upon the provisions of the application for the bond or that it was waiving any of its rights thereunder. The fact that the surety company demanded payment of the premium sued for from Doullut & Ewin, which payment was refused, did not increase the liability of the plaintiffs in error under the application executed by them or injure them in any way. There is no evidence of any acts or conduct on the part of the defendant in error or its agents which amounted to an estoppel, and the trial judge did not err in so holding. In this connection, see *Bell* v. *Redd,* 133 *Ga.* 5 (4) (65 S. E. 90). Moreover, there was no evidence that the plaintiffs in error relied on any act or declaration of the defendant in error in releasing Doullut & Ewin from any liability for the bond premium. W. S. Loftis, president of the plumbing company, testified, in part, "They (Doullut & Ewin) asked us to give them a release so far as we were concerned. We had no claim against them and we released them." J. H. Loftis testified, in part: "My business is the Loftis Plumbing & Heating Company. I am vice-president of the company. . . This document . . is that telegram that I sent to Mr. Ewin. . . As far as the bond premium is concerned, that is only a quitclaim on our part." Nowhere in his testimony did J. H. Loftis testify that he acted on any act or representation of the defendant in error in sending the telegram releasing Doullut & Ewin from liability for the bond premium. There being no evidence that the plaintiffs in error acted on any conduct or declarations of the defendant in error in releasing Doullut & Ewin from liability for the bond premium, the defendant in error was not estopped from maintaining the present action on the application signed by the plaintiffs in error whereby they obligated themselves to pay the premium on

the bond. See *Cantrell* v. *Byars,* 66 *Ga. App.* 672 (19 S. E. 2d, 44) ; *Peacock* v. *Horne,* 159 *Ga.* 707 (126 S. E. 813). The court did not err in overruling special ground 1 of the motion for a new trial.

■ The other special grounds show no harmful error, and the court did not err in overruling them.

■ The verdict was demanded by the evidence, no error of law appears, and the judge did not err in overruling the amended motion for a new trial.

     *Judgment affirmed. Felton and Parker, JJ., concur.*