33798.   AJOUELO *v.* WILKERSON.

Decided January 23, 1952—Rehearing denied February 28, 1952.

402

*Leiter & Leiter, Wesley R. Asinof, William Woodruff,* for plaintiff.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Ernest P. Rogers,* for defendant.

SUTTON, C. J.    The plaintiff's suit was for damages for breach of the contract between the parties dated June 30, 1932, which is referred to and set out in the foregoing statement of facts.    It was undisputed that the plaintiff, Ajouelo, had offered to go to work for either Wilkerson, the defendant, or the Auto-Soler Company on June 1, 1933, and at intervals thereafter, and that neither the defendant nor his company had ever employed Ajouelo or paid him wages or salary, as provided for in the contract sued upon.    It was undisputed that the defendant had formed a corporation, the Auto-Soler Company, on August 26, 1932; that he transferred and assigned to that corporation his rights under the contract or contracts with Ajouelo and received stock in the company therefor; and that the company had accepted these rights and assumed his obligations under said contract. It clearly appears from the contract sued on that it was within the contemplation of the parties thereto that such a corporation

would be formed by Wilkerson to succeed to and take his place under said contract with Ajouelo. The signatures on the contracts were admitted, although the plaintiff contended that the contract of August, 1932, purporting to modify the contract of June 30, 1932, on which the suit is based, was only a proposal to be accepted by the corporation. The plaintiff's main contention is that the contract sued upon was severable into parts, one part providing for the payment of royalties and another for the employment of Ajouelo by the defendant, and that the jury would have been authorized to find, under the evidence, that the latter part of the contract had never been superseded or extinguished by any of the later contracts between Ajouelo and the company formed by the defendant. However, under the undisputed evidence in the case and by the terms of the written contracts, there was no such issue for submission to the jury.

A novation of debtors is constituted by the release of the original debtor and the substitution of a new debtor in his place. This release and substitution may be by express terms, or may be inferred from the acts of the parties or by necessary implication from a construction of the subsequent agreement. *Loftis Plumbing &c. Co.* v. *American Surety Co.*, 74 *Ga. App.* 590, 593 (40 S. E. 2d, 667), and citations. The contract of November 4, 1932, expressly provided that "This contract and agreement is to supersede and take the place of all prior contracts and agreements entered into by and between the parties hereto or their predecessors and this contract contains the full and complete agreement between the parties." In the contract sued upon, Wilkerson "or his successors or assigns" was to employ the plaintiff, and the Auto-Soler Company was the assignee and successor of the defendant, Wilkerson. Therefore, a "predecessor" of the Auto-Soler Company was its promoter, Wilkerson, and the provision above quoted was effective to extinguish his obligations under the contracts between him and the plaintiff, Ajouelo, entered into prior to the formation of the Auto-Soler Company, including his promise in the contract of June 30, 1932, to employ the plaintiff.

Wilkerson and Ajouelo both signed the contract of November 4, 1932, and although Wilkerson signed it in his capacity as secretary of the company, it is apparent that both he and Ajouelo

thereby assented to the execution of the new contract by which Wilkerson was released, and the Auto-Soler Company substituted for him. See, in this connection, *Acree* v. *Kay*, 188 *Ga.* 783 (4 S. E. 2d, 820).

The plaintiff also contends that there were ambiguities in the contracts which created issues of fact as to the intent of the parties which should have been submitted to the jury. But the contract of June 30, 1932, as above stated, shows plainly that the plaintiff and the defendant both contemplated that the defendant was to be succeeded by a corporation to be formed by him to carry on the exploitation of the plaintiff's inventions, and the contract of November 4, 1932, between Ajouelo and the Auto-Soler Company, shows without ambiguity the intent of the parties that said contract should supersede all contracts entered into by Ajouelo and the company or its predecessor, namely, the defendant.

Since the contract sued upon, as to both its employment and royalty features, was expressly superseded by the contract of November 4, 1932, which introduced a new party and new obligations, the trial judge did not err in directing a verdict for the defendant.

*Judgment affirmed. Felton and Worrill, JJ., concur.*