35702. YANCEY BROTHERS COMPANY *v.* BOWLING.

CARLISLE, J. 1. By a comprehensive act (Ga. L. 1951, pp. 3345-3370), the General Assembly redefined the jurisdiction of, and the practice and procedure in, the Municipal Court of Augusta, and repealed all prior laws dealing with the subject in conflict therewith. By the terms of Paragraph 12 of Part Two, p. 3357, of that act it is provided: "(A) In all cases in said court wherein the principal sum claimed or the value of property in controversy does not exceed fifty dollars ($50.00), whether tried by jury or tried by the judge without a jury, the judgment of said court shall be conclusive, and no new trial shall be granted, provided, nevertheless, said case may be carried to the superior court by certiorari as provided by the general laws in reference to the writ of certiorari. (B) In all cases in said court tried by the judge thereof without a jury or tried by jury, in which the principal sum claimed or

the value of the property in controversy exceeds fifty dollars ($50.00), upon announcement of the judgment by the court, or upon rendition of the verdict by the jury, any party or his counsel may make a written motion for a new trial within five (5) days after judgment is entered in said case. Unless said motion for new trial is made as herein provided, the parties shall be held to have waived their right to move for a new trial, except upon the grounds on which extraordinary motions for new trial may be made. Said motion shall be heard at such time not exceeding thirty (30) days after the making of said motion as the court in its discretion may set for a hearing; provided, nevertheless, that upon the disposition of a motion for new trial by said municipal court, any party, plaintiff or defendant, or claimant therein, may certiorari said case to the Superior Court of Richmond County under the general law of the writ of certiorari. (C) Be it further enacted by the authority aforesaid, and it is enacted by authority of the same, to wit: From any final judgment of the said municipal court a writ of error shall lie to the Court of Appeals of Georgia, under the same rules that apply to writs of error from the superior courts of this State; provided, nevertheless, all bills of exceptions shall be presented to the judge of said municipal court not later than ten (10) days from the rendition of the final judgment therein, and served and filed within ten (10) days from the date of the certificate of said judge."

(a) "'Where the issues of a case are submitted to the judge, without the intervention of a jury, for his decision upon all matters of fact and of law, and he renders a judgment therein in term time, the losing party may review the judgment either by a direct bill of exceptions or by a motion for a new trial.' *Chance* v. *Simpkins,* 146 *Ga.* 519 (1) (91 S. E. 773)." *Farmers Fertilizer Co.* v. *Carter,* 83 *Ga. App.* 274, 277 (63 S. E. 2d 245), and citations.

(b) When subparagraphs B and C of Paragraph 12 of Part Two of the act of 1951 (Ga. L. 1951, pp. 3345, 3357) are construed in pari materia and in the light of the rule stated in the *Chance* case, supra, it is clear that, in a case tried in the Municipal Court of Augusta, in which more than $50 is involved, it is not mandatory that the losing party file a motion for a new trial in order to have the judgment reviewed; but, in such a case, he may have such judgment reviewed by direct bill of exceptions to the Court of Appeals. The motion to dismiss the writ of error upon the ground that no timely motion for a new trial was filed in the trial court is denied.

2. Prior to the amendment of Code § 6-911 by the act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 456; Code, Ann. Supp., § 6-911), it was a condition precedent to the jurisdiction of the appellate courts that it be shown that the bill of exceptions had been served upon the defendant in error or his counsel within ten days from the date of its certification. Such a showing was required to be made by a return of service by a proper officer of the trial court or by an acknowledgment of service by the defendant in error or his counsel. By the terms of the amendment to Code § 6-911, the return of service of a bill of exceptions sued out to the appellate courts "may be either in the form of an affidavit or by an unverified certification of one of counsel for plaintiff in error showing service, indorsed upon or annexed to the bill of exceptions or cross-bill";

and where, as here, counsel for the plaintiff in error annexes an affidavit certifying that he has served counsel for the defendant in error with a certified copy of the bill of exceptions within three days from the date of its certification by the trial court by handing such counsel a copy of such bill of exceptions in person, it is no ground for the dismissal of the writ of error that the return of service of the bill of exception was not made by a proper officer of the trial court, or that service of the bill of exceptions was not acknowledged by the defendant in error or his counsel. The motion to dismiss the writ of error for such alleged defect is denied.

2. There may be a novation of debtors, even as to sealed instruments, but the novation must be such as to release the original debtor and substitute a new debtor in his place. This release and substitution may be by express terms, or may be inferred from the acts of the parties or by necessary implication from a construction of the subsequent agreement. *Brown* v. *Harris,* 20 *Ga.* 403; *Ferst* v. *Bank of Waycross,* 111 *Ga.* 229 (36 S. E. 773); *Scott* v. *Ward,* 22 *Ga. App.* 680 (97 S. E. 207); *Acree* v. *Kay,* 188 *Ga.* 783 (4 S. E. 2d 820); *Loftis Plumbing &c. Co.* v. *American Surety Co.,* 74 *Ga. App.* 590, 593 (40 S. E. 2d 667).

3. Where, upon the trial of a claim interposed to an attachment levied upon certain described personalty as the property of W. M. and P. L. Dabney, doing business as Dabney & Son, it appears from the evidence that the claimant, Yancey Brothers Company, sold the property in question to Dabney & Son under a conditional-sale contract retaining title in the claimant until the purchase money had been paid and this contract was, on July 21, 1953, in Richmond County, Georgia, signed "Dabney & Son, by W. M. Dabney," and duly recorded in Richmond County, Georgia, on July 28, 1953, and it further appears from the evidence that on June 21, 1954, the claimant entered into a second conditional-sale contract covering the identical property, and this contract was signed "Aiken Paving Company, by W. M. Dabney," and the record of the first conditional-sale contract was marked "satisfied of record" as having been paid in full on July 15, 1954, the second contract, under an application of the principles of law stated in division 2 of this opinion, constituted a novation and abrogation of the first contract, as it is obvious from the actions of the parties, in the absence of evidence of a contrary intention, that it was agreed that Aiken Paving Company should be substituted as the debtor, in the place of Dabney & Son who were released.

4. Where, in such a case as indicated, it appears that the second conditional-sale contract was recorded in Richmond County, Georgia, on November 26, 1954, prior to the issuance of the attachment on November 30, 1954, and the judgment on the attachment was not entered until February 3, 1955, the trial court erred in finding against the claimant and ordering that the fi. fa. proceed against the property, as under the uncontradicted evidence a finding in favor of the claimant was demanded. A conditional-sale contract is, when recorded, notice to all the world and superior to an after-acquired judgment lien. *Holland & Co.* v. *Adams,* 103 *Ga.* 610 (30 S. E. 432).

*Judgment reversed.*   *Gardner, P. J., and Townsend, J., concur.*

Decided June 24, 1955.

*Harris, Chance & McCracken, Otis W. Harrison,* for plaintiff in error.

*Claude R. Caldwell,* contra.